70048. HAMBRICK v. THE STATE.
70123. HURT v. THE STATE.
(332 SE2d 907)

SOGNIER, Judge.

Hambrick and Hurt appeal their convictions in a joint trial of three counts of armed robbery, two counts of rape and one count of burglary.

*Case Number 70048*

1. Appellant Hambrick contends the trial court erred by failing to declare a mistrial after the State placed appellant's character in issue, because the curative instructions were not sufficient and were not addressed to the testimony complained of by appellant.

The prosecuting attorney asked a police officer from DeKalb County if appellant was arrested. The officer replied that appellant was arrested in Henry County on charges there and the officer was then asked if appellant was transferred to DeKalb (County); the officer answered in the affirmative and appellant moved for a mistrial on the ground that his character had been placed in issue improperly. The motion was denied and the court instructed the jury that anything the officer said to explain his conduct was hearsay and would not be evidence. The court also told the jury it was striking the last question and answer and instructed the jury they were not to consider it in their deliberations. Appellant argues that the last question and answer refers to his transfer to DeKalb County, not his arrest in Henry County, and therefore, the curative instruction was not sufficient to correct the error. We do not agree.

Although the trial court's curative instruction may have been somewhat ambiguous as to which question and answer the court was referring to, appellant made no objection to the instruction and did not ask for correction or clarification of the instructions. It is clear the court was referring to the somewhat unresponsive answer of the witness that appellant had been arrested in Henry County on charges there, because the question relating to appellant's transfer to DeKalb County did not place appellant's character in issue. The court's instruction that *anything the officer said* to explain his conduct was hearsay and would not be evidence would include the question and answer objected to by appellant. Thus, the trial court's instruction to disregard anything the officer said to explain his conduct was sufficient to correct any error. *Marlowe v. State*, 162 Ga. App. 37, 38 (1) (290 SE2d 136) (1982).

2. Appellant contends it was error to allow testimony regarding hair samples taken from appellant without first determining if such samples were given voluntarily. Appellant made no objection to this testimony and it is well settled that this court will not consider issues raised for the first time on review. *Scott v. State*, 243 Ga. 233, 234-235 (2) (253 SE2d 698) (1979).

3. Appellant contends the trial court erred by not striking the testimony of a witness after the witness invoked his right not to testify on cross-examination.

We note initially that the witness did not refuse to testify on cross-examination, but refused only to answer one question regarding the race of the man from whom the witness obtained cocaine. The question had nothing to do with any issue in appellant's case, and appellant made no objection to the witness' refusal to answer and made no motion to strike the witness' testimony. As stated in Division 2, this court will not consider issues raised for the first time on appeal. *Scott,* supra.

## *Case Number 70123*

4. Appellant Hurt contends the trial court erred by denying his challenge to the indictment because two of the grand jurors whose names appear on the indictment were not present when appellant's case was presented to the grand jury, and their names were not lined out. Appellant also contends the form of the indictment did not comply with OCGA § 17-7-54.

OCGA § 15-12-61 (a) provides, in pertinent part: "A grand jury shall consist of not less than 16 nor more than 23 persons. The votes of at least 12 grand jurors shall be necessary to find a bill of indictment or to make a presentment." The indictment in appellant's case lists 20 grand jurors, and evidence presented at a motion hearing disclosed that two of the 20 members of the grand jury were not present when the indictment against appellant was presented and returned. Thus, 18 grand jurors were present, which meets the requirements of § 15-12-61 (a), supra. In *Woodring v. State,* 130 Ga. App. 247 (1) (202 SE2d 696) (1973), we held that "an indictment may be lawfully returned by a grand jury comprised of not more than 23 and not less than 16." Hence, it was not error to deny appellant's motion on this ground.

Appellant also argues that the form of the indictment as to Counts 2 through 20 does not conform with OCGA § 17-7-54 (b), which provides that if there shall be more than one count, each additional count shall state: "And the jurors aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse . . ." The only word left out of appellant's indictment as to Counts 2 through 20 was the word "further" in the portion of the statute just quoted, and the indictment complies with the statute in all other respects.

When an appellate court reviews the merits of a special demurrer after trial has been held and no prejudice to appellant has occurred even though the indictment is not perfect, "reversal is a mere windfall to defendant and contributes nothing to the administration of justice." *State v. Eubanks,* 239 Ga. 483, 489 (238 SE2d 38) (1977); *Bill v. State,* 153 Ga. App. 131, 133 (1) (264 SE2d 582) (1980). As appellant has shown no prejudice resulting from the alleged defect in the indictment, we find no error.

5. Appellant contends it was error to admit into evidence statements made by appellant because it was not shown the statements were voluntary. At a *Jackson-Denno* hearing (*Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908)), a police detective testified that during the apprehension and arrest of appellant he was shot in the shoulder. En route to the hospital in an ambulance the detective advised appellant fully of his *Miranda* rights (*Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694)), appellant stated he understood

his rights and talked freely to the detective. After appellant's treatment and release from the hospital emergency room he was taken to DeKalb County Police Headquarters. He was again advised of his rights, signed a waiver of rights form, and made a written statement. He made a second written statement an hour and a half later after signing a second waiver of rights form. No threats or promises were made to induce appellant's statements, nor was he offered any leniency in exchange for his statements. Appellant was conscious at all times, was coherent, stated that he understood his rights and talked freely to the investigator. He signed both written statements after reading them and initialling corrections in the statements.

Appellant testified that he signed the statements and the waiver of rights forms, but did not read them. He was given shots during treatment of his gunshot wound which made him sleepy. He also testified that he went to sleep in the interrogation room and the investigator kept waking appellant up to have him sign and initial papers.

Factual and credibility determinations as to voluntariness of a confession are normally made at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. *Griswold v. State,* 159 Ga. App. 22, 23 (2) (282 SE2d 679) (1981). We find no error in the trial court's determination that appellant's statements were made freely and voluntarily; therefore, the statements were admitted into evidence properly.

6. Appellant contends error in denial of his motion to suppress evidence found in a search of his automobile made pursuant to a warrant. Appellant's brief does not address that search, but addresses the seizure by a crime scene technician of a gun and mask in plain view in appellant's car at the scene of his attempted apprehension and arrest. Nevertheless, we have reviewed the motion hearing transcript and affidavit in support of the application for a search warrant. Our duty as a reviewing court is simply to ensure that the issuing magistrate had a substantial basis for concluding that probable cause existed. *State v. Hockman,* 171 Ga. App. 504, 505-506 (320 SE2d 241) (1984). Since the information in the affidavit was supplied by appellant, who told the investigator that two guns and a stocking mask used in committing the offenses charged, as well as property taken while committing the offenses, were in his car, there was a substantial basis to conclude that probable cause existed.

7. Appellant contends the trial court erred by denying his motion for discovery. Without detailing all information requested by appellant, the transcript discloses that the State provided appellant a list of witnesses and their addresses and the criminal record of a co-defendant, the only witness with a known criminal record. The State provided appellant all information to which he was entitled, and there was no exculpatory material in the prosecutor's file. The prosecutor's

file was reviewed in camera by the trial court, which also found no exculpatory material therein. There is no requirement in Georgia that the prosecution furnish written statements of witnesses to the defense, as requested by appellant. *Odom v. State,* 156 Ga. App. 119, 120 (1) (274 SE2d 117) (1980). There was no informant in the case, no scientific reports pertaining to appellant and no transcript of grand jury testimony, all of which were requested by appellant. Since the State provided all information to appellant to which he was entitled and which was available, it was not error to deny appellant's motion for discovery as to other information requested.

8. Appellant contends it was error to deny his motion for appointment of a special investigator to assist appellant in his defense. Appellant argues that the State had a large number of investigators working on the case and submitted numerous pieces of physical evidence to the State Crime Laboratory for analysis; therefore, the State had an advantage over appellant in preparing for trial. This enumeration of error is without merit.

No expert from the State Crime Laboratory testified against appellant. He was represented by two attorneys and there was no showing that the attorneys did not have time to interview witnesses or prepare otherwise for trial. The grant or denial of a motion to appoint an investigator is within the sound discretion of the trial judge, and his decision will not be overturned absent an abuse of that discretion. *Ennis v. State,* 249 Ga. 222 (2) (290 SE2d 50) (1982). We find no abuse of discretion here.

9. Appellant contends he was denied a fair trial because DeKalb County intentionally manipulated the jury selection process to minimize the number of black persons on the actual trial jury panel. In response to appellant's objection prior to voir dire that all alternates were black instead of being interspersed among the persons on the jury panel, the trial court called the deputy clerk of DeKalb County Superior Court and asked how the clerk's office determined which jurors would be alternate jurors. The clerk stated that the alternates in this case were the last panel of twelve. The clerk also stated that sometimes the clerk starts from the beginning of the jury list and sometimes from the end of the list so the same persons will not always be alternates. Additionally, the clerk's office pays no attention to whether the jurors are men or women and which are black. In fact, it cannot be determined from a juror's number on the list whether a juror is black or white, and there is no designation on the jury list as to race.

The burden is on appellant to make out a prima facie case of discrimination against blacks on a jury panel, *Swain v. Alabama,* 380 U. S. 202, 205 (4) (85 SC 824, 13 LE2d 759), and discrimination may not be assumed or merely asserted. Appellant presented no evidence

in support of his bare assertions of discrimination and hence, did not carry his burden of making out a prima facie case of discrimination. Accordingly, this enumeration of error is without merit.

10. Appellant contends error in denial of his motion to sever. Appellant's indictment contained 20 counts involving six separate incidents, and his motion sought a separate trial on each count. Appellant was tried here on six counts involving two separate incidents pursuant to an order issued after a hearing on appellant's motion to sever. He contends error in denial of his motion for separate trials on each count of the indictment.

The six counts on which appellant was tried involved two incidents. In both incidents several men, including appellant, unlawfully entered a residence, raped the female resident, robbed all residents at gunpoint and in one instance burglarized the residence. Although criminal offenses may not be joined *solely* on the ground that they are of the same or similar character, where offenses are so similar that they show a common scheme or plan, or have an identical modus operandi, severance is discretionary with the trial court. *Mack v. State,* 163 Ga. App. 778-779 (1) (296 SE2d 115) (1982). In the instant case the perpetrators of the offenses were the same and the modus operandi was the same, showing a common scheme or plan to commit rape and robbery. Hence, it was not error to deny appellant's motion to sever and try each count of the indictment separately.

11. Appellant contends error in denial of his motion to require State agents to retain rough notes so the court could determine whether disclosure of the notes was required under the holding in *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215). *Brady* does not require State agents to retain rough notes made in the course of their investigation. Thus, this enumeration of error is without merit.

12. Appellant's remaining enumerations of error are without merit, as they have been discussed previously or were waived by appellant during the motion hearing.

*Judgments affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED JUNE 7, 1985 —

REHEARING DENIED JUNE 24, 1985 — 

*Ronald L. Hilley, William T. Payne,* for appellant (case no. 70123).

*W. LaRue Boyce, Jr.,* for appellant (case no. 70048).

*Robert E. Wilson, District Attorney, Barbara Conroy, Assistant*

*District Attorney,* for appellee.