## S90A1088. ABIFF v. THE STATE.
### (396 SE2d 483)

HUNT, Justice.

Abijah Abiff's murder conviction was affirmed by this court in *Abiff v. State*, 258 Ga. 137, 139 (365 SE2d 427) (1988), and remanded for further proceedings on the issue of ineffective assistance of counsel under *Smith v. State*, 255 Ga. 654, 656 (341 SE2d 5) (1986). The trial court granted Abiff a new trial in January 1989. In February, Abiff made a motion for speedy trial under OCGA § 17-7-171 (a), and, when no trial was had by July 6, 1989, sought an acquittal under OCGA § 17-7-171 (b).

The state defended on the ground the statute requires the trial court's permission, which Abiff did not obtain, to make such a demand if one is not filed within the next succeeding term after the *indictment*. The trial court agreed and denied Abiff's motion for acquittal. Abiff appeals relying on both his statutory and constitutional rights to a speedy trial.[1] See generally *Reid v. State*, 116 Ga. App. 640, 645 (158 SE2d 461) (1967).

1. OCGA § 17-7-171 (a) implements a procedure to ensure a capital defendant's right to a speedy trial is protected:

> Any person accused of a capital offense may enter a demand for trial at the term of court at which the indictment is found or at the next succeeding regular term thereafter; or, *by special permission of the court*, he may at any subsequent term thereafter demand a trial.

Abiff was originally indicted in the August 1986 term, and, although his conviction was set aside in 1989, he was not reindicted. Therefore, he needed special permission of the court[2] to file his motion for speedy trial in February 1989 in order to invoke the benefits of the statute. This he did not obtain and this failure is fatal to his statutory claim.

The Court of Appeals reached the same result under OCGA § 17-7-170, pertaining to non-capital cases, under similar facts in *Hubbard v. State*, 176 Ga. App. 622, 624 (337 SE2d 60) (1985):

> [T]he reversal of [the defendant's] conviction entitles him only to a new trial, not to a new indictment. [Cits.] [The statute] is absolutely clear as to when an accused may of

---

[1] Such an appeal, though interlocutory, may proceed without an application. *Hubbard v. State*, 254 Ga. 694, 695 (333 SE2d 827) (1985).

[2] Special permission of the court is required in order to put the trial court and prosecution on notice of the defendant's belated assertion of his rights. Compare *Stripland v. State*, 115 Ga. 578, 581 (41 SE 987) (1902).

right make a demand for trial thereunder — at the term at which the indictment is found or at the next succeeding regular court term. After that time, such a demand can *only* be made by special permission of the trial court. . . . [T]he burden is on an accused to protect his statutory right to a speedy trial by making a timely demand for trial under [the code provisions]. [Cits.] The statute affords no exception to these directives for an accused in [defendant's] position.

Thus, we must conclude the trial court did not err in refusing to grant Abiff's motion for acquittal under OCGA § 17-7-171.

2. Abiff also argues denial of his constitutional right to a speedy trial under the factors set out in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972): the length of the delay, the reason for the delay, defendant's assertion of the right, and any resulting prejudice to the defendant.

Abiff was promptly tried within a reasonable time after his arrest. *Reid v. State*, supra at 645. Subsequent delays involved the defendant's pursuance of his appeal, which ultimately resulted in the granting of his motion for new trial in January 1989, and resolution of the defendant's motion for acquittal, which was filed in July, denied in October 1989 and appealed. Thus, there were only a few months during 1989 in which the state had an opportunity to retry the defendant. Under the test of *Barker v. Wingo*, supra, we cannot say the defendant's constitutional right to a speedy trial has been violated. Abiff has not shown the delay was caused by the "purposeful, oppressive, or prejudicial" acts of the state, *Hughes v. State*, 228 Ga. 593, 596 (187 SE2d 135) (1972). Rather, it was, for the most part, due to his own efforts in pursuing the motion to acquit.

The trial court's denial of Abiff's motion to acquit is affirmed.

*Judgment affirmed. Clarke, C. J., Smith, P. J., Bell, Benham, Fletcher, JJ., and Judge Hugh Sosebee concur; Weltner, J., not participating.*

DECIDED OCTOBER 3, 1990.

*Robert P. Crossett*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Alfred D. Dixon, Assistant District Attorneys*, for appellee.