## A91A0760. DREWRY et al. v. THE STATE.
(411 SE2d 898)

ANDREWS, Judge.

Drewry, Harrison, Sparkman, and Thomas, appellants, and Frazier, who did not join the appeal, were indicted for one count of violating the Georgia Racketeer Influenced and Corrupt Organizations statute, OCGA § 16-14-1 et seq. and 34 counts of commercial gambling, OCGA § 16-12-22 (6). The acts charged as incidents of commercial gambling also formed the basis of the predicate acts alleged in the RICO count. Defendants appeal, after grant of their interlocutory application, from denial of numerous general and special demurrers to the indictment.

1. The first two enumerations deal with denial of general demurrers to the RICO count and to the 34 commercial gambling counts.

(a) As to the RICO count, the claimed infirmity is that the indictment fails to explicitly set out the "purpose" of the enterprise, which is alleged to be an association in fact among the defendants, who are individually identified in the RICO count.

" 'The true test of the sufficiency of an indictment that will withstand a general demurrer is laid down by Judge Bleckley . . . as follows: "If all the facts which the indictment charges can be admitted, and still the accused be innocent, the indictment is bad; but if, taking the facts alleged as premised, the guilt of the accused follows as a legal conclusion, the indictment is good." ' [Cit.]" *Gower v. State,* 71 Ga. App. 127, 128 (1) (30 SE2d 298) (1944). See *State v. Eubanks,* 239 Ga. 483, 485 (238 SE2d 38) (1977).

Pretermitting the fact that defendants have cited no authority and we are unaware of any which requires that the purpose of the enterprise be spelled out in detail in the indictment, a purpose is set out in the RICO count. It alleges that the defendants did "endeavor to conduct and participate in, directly and indirectly an enterprise . . . for the purpose of pecuniary gain," through a pattern of racketeering activity.

An indictment which charges the offense in the language of the defining statute and describes the acts constituting the offense suffi-

ciently to put the defendant on notice of the offense with which he is charged survives a general demurrer. *Gaines v. State*, 80 Ga. App. 512, 517 (56 SE2d 772) (1949). A group of individuals associated in fact sufficiently alleges an enterprise under OCGA § 16-14-3 (6). *Chancey v. State*, 256 Ga. 415, 417 (349 SE2d 717) (1986); see *United States v. Cagnina*, 697 F2d 915, 920 (1) (11th Cir. 1983). There was no error in overruling this demurrer.

(b) The claimed infirmity in the commercial gambling counts is that the allegation of a "numbers game" or "bug" as a "lottery" conflicts with the definition of lottery in OCGA § 16-12-20 (4) and therefore does not allege commercial gambling, defined in OCGA § 16-12-22 (6). "Lottery" is defined by the former as "any scheme or procedure whereby one or more prizes are distributed by chance among persons who have paid or promised consideration for a chance to win such prize, whether such scheme or procedure is called a pool, lottery, raffle, gift, gift enterprise, sale, policy game, or by some other name." Commercial gambling is defined by the latter as "set[ting] up or promot[ing] any lottery" as well as selling or possessing for transfer evidence of participation in a lottery.

The commercial gambling counts allege the defendants did "promote, encourage, and assist a lottery based upon wagers and bets placed on a three digit number with the winning combination . . . derived daily from the New York Stock Exchange" or the winning numbers in the Illinois Lottery.

Both parties present factual assertions in their briefs to support their arguments that the "bug" or "numbers game" alleged is or is not a lottery as defined in the statute. This plainly shows that the issue is not determinable by demurrer without considering the evidence to be presented. The indictment alleges a lottery and it is not facially flawed. See *Monte Carlo Parties v. Webb*, 253 Ga. 508, 509 (1) (322 SE2d 246) (1984). The argument made is better determined at trial upon appropriate motion.

2. Enumerations 3 and 4 contend that, if the indictment survives the general demurrer, defendant is entitled to specific information as to the means by which the defendants associated, the purpose of the association, and the method by which the alleged acts of commercial gambling were committed.

While there is no Georgia case directly addressing the issue, federal authority is persuasive. See *United States v. Thevis*, 665 F2d 616, 625 (3) & (4) (5th Cir. 1982). Also, there is no such requirement concerning alleging the elements of the similar crime of conspiracy, and no reason there should be one for RICO or commercial gambling. *Causey v. State*, 154 Ga. App. 76, 78 (2) (267 SE2d 475) (1980). These enumerations are without merit.

3. Finally, defendants contend that the counts are duplicitous, in

that the predicate acts are the same facts used as the basis for the substantive counts and that the allegation of "lottery" includes two crimes as defined by Georgia law. The latter concern is addressed by our holdings supra.

While an indictment may accuse a defendant of more than one crime based on the same set of facts, an accused may not be subjected to multiple punishments if the crimes charged are the same as a matter of fact or as a matter of law. *Martin v. State,* 189 Ga. App. 483, 496 (10) (376 SE2d 888) (1988). Again, this issue is premature and inappropriate for resolution by way of demurrer. Id.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 30, 1991.

*Groover & Childs, Denmark Groover, Jr., Frank H. Childs, Jr., R. Robider Markwalter, Christina L. Hunt, Althea L. Buafo,* for appellants.

*Willis B. Sparks III, District Attorney, Sharon T. Ratley, Thomas J. Matthews, Assistant District Attorneys,* for appellee.