## A02A0908. WILLIAMS v. THE STATE.
### (570 SE2d 645)

ANDREWS, Presiding Judge.

Michael Lawrence Williams appeals from the judgment entered after a jury found him guilty of five counts of aggravated child molestation, one count of rape, one count of aggravated sodomy, and one count of child molestation. In his only enumeration of error, Williams claims the trial court erred in denying his special demurrer to the form of the indictment. For reasons which follow, we conclude there was no error and affirm.

Williams argued below and now on appeal that his indictment was flawed and subject to demurrer because it did not conform to the requirements of OCGA § 17-7-54. This Code section provides:

> (a) Every indictment of the grand jury which states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct. The form of every indictment shall be substantially as follows:

> Georgia, _____ County.

> The grand jurors selected, chosen, and sworn for the County of _____, to wit: _____, in the name and behalf of the citizens of Georgia, charge and accuse (name of the accused) of the county and state aforesaid with the offense of _____; for that the said (name of the accused) (state with sufficient certainty the offense and the time and place of committing the same), contrary to the laws of said state, the good order, peace, and dignity thereof.

> (b) If there should be more than one count, each additional count shall state:

> And the jurors aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse (name of the accused) with having committed the offense of _____; for that the said (name of the accused) (state with sufficient certainty the offense and the time and place of committing the same) contrary to the laws of said state, the good order, peace, and dignity thereof.

In this case, Counts 2 through 9 of the indictment omitted the phrase "And the jurors aforesaid." Williams argues that the language of the statute, "each additional count *shall* state: And the jurors aforesaid, . . ." is mandatory and the omission of the required phrase

makes the indictment technically flawed. Williams cites us to no authority on point in support of this claim, and we find none.

First, we note that Williams makes no claim that the indictment is not otherwise sufficient. This Court has consistently held that

> "[t]he true test of the sufficiency of the indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

*Jordan v. State*, 220 Ga. App. 627, 629 (2) (470 SE2d 242) (1996). Also, the Code section itself provides that "[e]very indictment of the grand jury which states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct" to withstand a general demurrer. OCGA § 17-7-54 (a). Further, contrary to Williams's contention, the first page of the indictment clearly shows that it is brought by the grand jurors.

In any event,

> [w]hen an appellate court reviews the merits of a special demurrer after trial has been held and no prejudice to appellant has occurred even though the indictment is not perfect, "reversal is a mere windfall to defendant and contributes nothing to the administration of justice." *State v. Eubanks*, 239 Ga. 483, 489 (238 SE2d 38) (1977).

*Hambrick v. State*, 175 Ga. App. 207, 209 (332 SE2d 907) (1985). Because Williams has shown no prejudice resulting from the alleged defect in the indictment, we find no error. Id.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 29, 2002.

*Monica T. Myles, Mary Erickson*, for appellant.
*David McDade, District Attorney, Pamela D. Brophy, Assistant District Attorney*, for appellee.