A07A0340. VYAS v. THE STATE.
(646 SE2d 692)

ADAMS, Judge.

Asutosh Vyas contends the trial court erred by denying his motion of former jeopardy based on a violation of his right to a speedy trial. The State prepared a time line of the procedural events of the case, to which both parties agreed; other facts are taken from the record.

Vyas was arrested on April 2, 2004, on two counts of sexual battery and one count of unlawful eavesdropping and surveillance. Although Vyas claims that he demanded his right to a speedy trial on May 4, 2004, there is nothing in the record or in the parties' stipulation of facts to this effect. Plea negotiations took place prior to his indictment, which occurred on December 30, 2004.

On January 19, 2005, Brian Steel entered an appearance on behalf of Vyas and filed 13 notices, motions, and discovery requests, including a motion for a 30-day extension of time to file additional motions and demurrers. On February 15, 2005, Vyas, through counsel, filed a motion to suppress, a motion to quash the indictment, and a motion to quash the two counts of sexual battery on the ground that they failed to specifically assert a crime. A hearing on the motion to suppress was initially scheduled for March 16, 2005, then rescheduled with the motion to quash for April 13, 2005. Steel admits that the case was scheduled for arraignment on February 17, 2005 but that it was postponed because he was on trial in another county for ten weeks — from January to March 2005. Vyas was formally arraigned on March 28, 2005.

---

[12] OCGA § 16-1-6; *In the Interest of A. F.*, supra.

On March 31, 2005, a second attorney, Steven Frey, entered an appearance on behalf of Vyas and filed additional discovery requests — including some that were at least partially redundant with the earlier requests, as well as a supplement to the motion to suppress. The case was on the motions and trial calendars in April and May 2005 but was continued for unknown reasons. The motion hearing was eventually reset for May 11, 2005. On May 10, 2005, Vyas filed a motion to bar the two counts of sexual battery based on double jeopardy in that the Attorney General had brought proceedings against Vyas concerning his medical license arising out of the same alleged incidents of sexual battery.

At the hearing on May 11, 2005, the court heard evidence on the motion to suppress, and the court granted a continuance to allow the State to present a rebuttal witness at another time. In addition to the motions to suppress and to quash, the court heard evidence and argument on a plea in bar based on Vyas's right to a speedy trial. The court found no showing of prejudice and no unreasonable delay and denied the motion. Vyas did not appeal that order. At the consent of the parties the continued hearing on the motion to suppress was set for June 7, 2005, and it took place on that day.

On August 12, 2005, the court entered an order denying Vyas's motion to quash the two counts of sexual battery and an order granting in part and denying in part the motion to suppress. The court then twice certified both orders for immediate review, once on August 18 and again on August 22, although the later certification was not filed. On August 31, the court struck the August 18 certification and ordered that the August 22 certification be filed nunc pro tunc to August 22, apparently at the request of Vyas. On September 1, Vyas filed an application for interlocutory review, but on September 26, 2005, this Court denied the application because a nunc pro tunc certificate of immediate review is without efficacy to support an untimely appeal. The trial judge suggested that Vyas was responsible for the failure to correctly appeal and the associated delay.

The case was placed on the December 2005 trial calendar; the parties announced ready; but the case was never reached. The case was continued from the January 2006 trial calendar because Frey had a leave of absence. The case was placed on the February 2006 trial calendar but not reached. It was placed on the March calendar but continued because Steel had a leave of absence. The case was apparently placed on an April 17, 2006 trial calendar but not reached because the State decided to re-indict Vyas to correct a technical problem in the original indictment. Counsel for Vyas admitted that he was on trial in a separate case April 25, 2006 through the beginning of June 2006.

The original case was nolle prossed at the State's request and Vyas was arraigned on the new indictment. On June 26, 2006, Steel entered an appearance in that case and immediately filed a new set of the 13 notices, motions, and discovery requests that he filed following the original indictment, including another motion for a 30-day extension of time to file additional motions and demurrers. On July 6, with the consent of both parties, the court issued an order transferring, with the same force and effect, all documents filed in the first case to the second. Based on the time that had elapsed since his arrest, Vyas then filed his second plea of former jeopardy. A hearing was held on August 16, 2006, but the trial court denied the plea and found "that the defendant [had] caused some of the delay by numerous requests for continuances and by an attempt (that failed on procedural grounds) to perfect a direct appeal of a prior order." The court also found that Vyas had not shown how the delay prejudiced his right to a fair trial.

A trial court must consider four factors when ruling on a defendant's motion to dismiss for violation of the constitutional right to a speedy trial: " '(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant.' " (Citations and footnote omitted.) *Nusser v. State*, 275 Ga. App. 896, 897 (622 SE2d 105) (2005). See also *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). "[T]he factors should be considered together in a balancing test of the conduct of the prosecution and the defendant." (Citations and punctuation omitted.) *Nairon v. State*, 215 Ga. App. 76 (1) (449 SE2d 634) (1994). And we will not reverse a trial court's determination on the issue absent an abuse of discretion. *Nusser*, 275 Ga. App. at 897.

"The relevant time period in a speedy trial claim begins with the *earlier* of the date of indictment and the date of arrest." (Citation omitted; emphasis in original.) *Williams v. State*, 277 Ga. 598, 599 (1) (a) (592 SE2d 848) (2004). In this case, almost 26 months passed between the time that Vyas was arrested and the denial of his speedy trial motion.

The trial court found that the defendant had caused some of the delay. The record supports this finding. Prior to the original indictment the parties had engaged in plea negotiations. Vyas sought two thirty-day extensions to file motions and demurrers. Steel was on trial in another matter for ten weeks in early 2005, which caused delays. Vyas spent five weeks or so unsuccessfully appealing an earlier ruling. For at least three months out of the first six months of 2006, one or the other of the attorneys representing Vyas was unavailable, either on leave of absence or on trial in another case. In all, Vyas was responsible for at least seven months of the eighteen months of delay following the first indictment, not counting the two

requested discovery extensions. And there was no evidence of any deliberate delay by the State intended to prejudice the defendant. See *Johnson v. State*, 268 Ga. 416, 418 (2) (490 SE2d 91) (1997).

Although there is no written demand for a speedy trial in the record, Vyas made an earlier motion to that effect at a hearing held on May 11, 2005.

Finally, with regard to prejudice, because the length of the delay exceeded 12 months for Vyas, there is a presumption of prejudice. *Nusser*, 275 Ga. App. at 897. But a presumption can be rebutted. And "[t]he test for whether a defendant has been prejudiced requires the court to consider three interests: preventing oppressive pretrial incarceration, minimizing a defendant's anxiety and concern, and limiting the possibility that the defense will be impaired." (Footnote omitted.) *Beasley v. State*, 260 Ga. App. 74, 76 (d) (579 SE2d 19) (2003). Here, Vyas concedes that pretrial incarceration is not an issue. And Vyas has not argued that witnesses are now unavailable, that evidence has been destroyed or lost, or that his trial would be impaired as a result of the delay. Thus, this most serious form of prejudice is not present. See *State v. Redding*, 274 Ga. 831, 833 (561 SE2d 79) (2002) ("Impairment of the defendant's ability to prepare his case is the most serious form of prejudice.").

Vyas only argues that prejudice has resulted from the effect on his private life. He asserts that the delay in resolution of the criminal matter led to denial of his application for citizenship. But the relevant documents state that he can reapply. He argues that his emotional health, family life and professional life have also been affected by the passage of time without resolution of the criminal charges. But he also testified that he was still practicing medicine, that it was the arrest that caused a significant reduction in clients and referrals, and that it was his arrest and subsequent media coverage that caused irreversible psychological damage to his family life. Furthermore, "anxiety and concern of the accused, . . . is always present to some extent, and thus absent some unusual showing [it] is not likely to be determinative in defendant's favor." (Citations and punctuation omitted.) *Boseman v. State*, 263 Ga. 730, 733 (1) (d) (438 SE2d 626) (1994).

Accordingly, in balancing the *Barker v. Wingo* factors we cannot say the trial court abused its discretion in concluding that Vyas was partly responsible for any delays, that he has not been prejudiced by the delay, and that therefore his right to a speedy trial has not been violated. See generally *Boseman*, 263 Ga. at 734 (2). He has also not shown the delay was caused by the "purposeful, oppressive, or prejudicial" acts of the State. See *Abiff v. State*, 260 Ga. 434, 435 (2) (396 SE2d 483) (1990).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 21, 2007.

*Brian Steel*, for appellant.

*Jewel C. Scott, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.