A07A2382, A07A2383. SIMMONS v. THE STATE (two cases).
(659 SE2d 721)

BARNES, Chief Judge.

In these appeals, James Junior Simmons challenges the trial court's denial of his motions to dismiss two indictments filed against him. For reasons that follow, we affirm.

Following an undercover sting operation by the Georgia Bureau of Investigation ("GBI"), Simmons was charged in September 2002 through a single indictment with selling marijuana and cocaine. Approximately 14 months later, Simmons filed an admittedly untimely statutory speedy trial demand. The indictment, however, never proceeded to trial, and the State nolle prossed the charges in March 2004, stating that it had "[i]nsufficient evidence to prove [the allegations] beyond a reasonable doubt."

Later that year, the GBI provided prosecutors with additional evidence of Simmons' involvement in the crimes. The State subsequently re-indicted Simmons in December 2004, bringing two separate indictments charging him with selling cocaine and marijuana. Simmons moved to dismiss both indictments in April 2005 on constitutional speedy trial grounds.

In moving to dismiss, Simmons focused on the length of time between his original September 2002 indictment and the date he filed his motions to dismiss in April 2005. He argued that he demanded a speedy trial with respect to the original indictment, that he was "available for trial at all times," and that the State had no justification for not promptly bringing the charges to trial. The trial court denied the motions after weighing the four factors set forth in *Barker v. Wingo*, 407 U. S. 514, 530-532 (92 SC 2182, 33 LE2d 101) (1972). We find no error.

When presented with a motion to dismiss on constitutional speedy trial grounds, a trial court must evaluate and balance the following *Barker* factors: (1) the length of the delay in bringing the defendant to trial; (2) the reasons for the delay; (3) the defendant's assertion of the speedy trial right; and (4) prejudice to the defendant. *Christian v. State*, 281 Ga. 474, 475-476 (2) (640 SE2d 21) (2007). On appeal, we defer to the trial court's factual findings, and we will not reverse the denial of a motion to dismiss absent an abuse of discretion. Id.; *Frazier v. State*, 277 Ga. App. 881, 883 (627 SE2d 894) (2006).

1. *Length of delay*. The trial court found, and the State concedes, that the delay in this case is presumptively prejudicial, weighs against the State, and requires further consideration of the *Barker* factors. We will not disturb this finding.

2. *Reasons for the delay*. Nothing in the record indicates that Simmons caused the delay here. On the contrary, the State admits that it resulted from difficulties associated with investigating and prosecuting a case, such as a backlog of cases in the superior court, the GBI's failure to timely provide prosecutors with the evidence needed at trial, a change in prosecuting personnel, and the heavy caseload at the District Attorney's office.

After reviewing the evidence, the trial court found no bad faith or intentional delay by the State, and we must defer to that factual determination. Ultimately, however, the responsibility for bringing a defendant promptly to trial rests with the government. Although this type of unintentional delay "is relatively neutral or benign, it still must be weighted against the [S]tate." (Punctuation and footnote omitted.) *Oni v. State*, 285 Ga. App. 342, 343-344 (2) (b) (646 SE2d 312) (2007).

3. *Assertion of the right*. "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant." (Citations and punctuation omitted.) *Frazier*, supra, 277 Ga. App. at 882 (c). The record shows that Simmons waited almost 14 months after the original indictment to file a statutory request for speedy trial, and that demand was untimely. Moreover, he did not assert his constitutional right to speedy trial until he filed his motions to dismiss in April 2005. Given the initial delay in raising the statutory right, the untimeliness of that demand, and Simmons' failure to even mention his constitutional right before moving to dismiss, the trial court properly balanced this factor heavily against Simmons. See id.; *Lopez v. State*, 267 Ga. App. 178, 183 (6) (598 SE2d 898) (2004); *Oliver v. State*, 262 Ga. App. 637, 641 (4) (c) (586 SE2d 333) (2003).

4. *Prejudice*. Within the *Barker* balancing test, the issue of prejudice weighs "most heavily in determining whether a defendant's constitutional rights have been violated." (Citation and punctuation omitted.) *Frazier*, supra, 277 Ga. App. at 883 (d). In evaluating prejudice, a court must consider the three interests protected by the speedy trial right: "(i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired." (Citation and punctuation omitted.) Id. The third interest — impairment of the defense — is the most important component of the prejudice factor. Id.

On appeal, Simmons does not argue that oppressive pretrial incarceration or undue anxiety requires dismissal. He focuses instead on impairment, arguing that witness memories have "grow[n] fuzzier." He also claims that when originally indicted, he was financially able to retain counsel to defend him, but the delay and his declining economic circumstances have now forced him to obtain court-appointed counsel. According to Simmons, "the State has managed to deprive [him] of his counsel of choice."

To demonstrate an impaired defense, Simmons must present more than vague or conclusory statements; he must offer specific evidence. *Frazier*, supra, 277 Ga. App. at 883. Merely asserting that memories have faded over time does not satisfy this requirement. See *Parker v. State*, 283 Ga. App. 714, 718 (2) (d) (642 SE2d 111) (2007). And although Simmons argues that the State deprived him of his chosen counsel, he has not shown that the delay in bringing him to trial caused his financial difficulties. Moreover, he has offered no evidence that the change in counsel impaired his defense or that appointed counsel cannot adequately defend him. Simply put, Simmons has not demonstrated that the delay prejudiced him. See id. at 719; *Frazier*, supra, 277 Ga. App. at 883.

5. *Balancing the four factors.* Two of the *Barker* factors balance against the State, but the negative weight of one — the reason for the delay — is relatively minimal. Furthermore, the lack of prejudice, as well as Simmons' failure to timely assert his speedy trial right, weigh heavily against him. Under these circumstances, the trial court did not abuse its discretion in denying Simmons' motions to dismiss. See *Oni*, supra, 285 Ga. App. at 345 (2) (e); *Frazier*, supra, 277 Ga. App. at 883.

*Judgments affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED MARCH 14, 2008.

*McGee & McGee, James B. McGee III*, for appellant.
*Richard E. Currie, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.