## A09A0731. WOFFORD v. THE STATE.
(682 SE2d 125)

SMITH, Presiding Judge.

Chad Randall Wofford was arrested and indicted on three counts of aggravated child molestation, one count of child molestation, and one count of rape. After two years and eight months without a trial, Wofford filed a motion for discharge and acquittal on the ground that his constitutional right to speedy trial was violated.[1] The trial court denied the motion, prompting this appeal. For the following reasons,

---

[1] Wofford enumerates as error the trial court's denial of his motion for discharge and

we affirm.

Wofford was arrested on September 20, 2005, and subsequently indicted on December 14, 2005. He was arraigned in January 2006 and his case first appeared on the September 2006 trial calendar. The record reveals that for the months of September, October, and November 2006, and January 2007, Wofford's case was continued by consent of both parties.

For the months of February 2007 through August 2007, the case was continued because the State tried other cases. In the latter part of the months of September, October, and November 2007, Wofford's counsel requested a leave of absence, and the State tried four other cases during the October calendar. In January 2008, the State requested a continuance because a witness was temporarily unavailable, and in February, defense counsel requested a continuance so that Wofford could get a psychological evaluation. In March, April, and May 2008, Wofford's case was not reached because the assistant district attorney assigned to the case was out for maternity leave, and the attorney assigned to replace her tried other cases during those months. The case was specially set for trial August 2008.

An accused is guaranteed the right to a speedy trial by the Sixth Amendment to the Constitution of the United States and Art. I, Sec. I, Par. XI (a) of the 1983 Georgia Constitution. *Disharoon v. State*, 288 Ga. App. 1, 3 (1) (652 SE2d 902) (2007).

> In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated. . . . (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. 407 U. S. at 530. The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant.

(Citation omitted.) *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d

---

acquittal pursuant to a "Civil Rights Violation of the 5th, 6th and 14th Amendments." But he only argues that there was an unreasonable delay between the indictment and trial. We will therefore address only his challenge based on a violation of the Sixth Amendment. See *Bunn v. State*, 284 Ga. 410, 411-412 (1), (2) (667 SE2d 605) (2008) (claim of violation of due process rights under Fifth and Fourteenth Amendments applies to delays between investigative stage and either arrest or indictment).

626) (1994). We review the trial court's denial of a motion to dismiss the indictment on speedy trial grounds for abuse of discretion only. *Ruffin v. State*, 284 Ga. 52, 65 (3) (663 SE2d 189) (2008).

1. *Length of delay.*[2] The right to a speedy trial attaches at the time of arrest or indictment, whichever is earlier. *Disharoon*, supra, 288 Ga. App. at 3 (1). "Generally, any delay approaching a year raises a threshold presumption of prejudice." Id. at 3 (1) (a), citing *Doggett v. United States*, 505 U. S. 647, 652 (II), n. 1 (112 SC 2686, 120 LE2d 520) (1992). The record reflects that 32 months passed between Wofford's arrest and the filing of his motion for discharge. The presumption of prejudice is therefore raised.

2. *Reason for the delay.* The record reveals that for eight calendar months, Wofford's case was either continued by consent of both Wofford and the State, delayed due to actions by Wofford alone, or delayed due to a combination of actions by both Wofford and the State. Slightly more than half of the delay, 11 months, is attributable to the State. Although there is no evidence that the State deliberately delayed the trial in order to hamper the defense, this factor must still be weighed against the State. See *Simmons v. State*, 290 Ga. App. 315, 316 (2) (659 SE2d 721) (2008) (unintentional delay is still weighed against the State).

3. *Defendant's assertion of the right to a speedy trial.* Wofford failed to assert either his statutory or constitutional right to a speedy trial for the 32 months between his arrest and the filing of his motion to dismiss, in which he finally asserted his constitutional right to a speedy trial. *Boseman*, supra, 263 Ga. at 733 (1) (c). The delay in asserting his right to a speedy trial must therefore be weighed against Wofford. Id.; see *Smith v. State*, 284 Ga. 17, 19-20 (2) (663 SE2d 142) (2008).

4. *Prejudice to the defendant.* Under the balancing test of *Barker*,

> the issue of prejudice weighs most heavily in determining whether a defendant's constitutional rights have been violated. In evaluating prejudice, a court must consider the three interests protected by the speedy trial right: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired. The third interest — impairment of the defense — is the most important component of the prejudice factor.

---

[2] The trial court made no specific findings with regard to the first three *Barker* factors but found that Wofford had "not shown any actual prejudice to him because of the delay," and that "[t]aking all of the factors on balance," there was no violation of his right to a speedy trial. We will nevertheless examine each of the four *Barker* factors in turn.

132

(Citations and punctuation omitted.) *Simmons*, supra, 290 Ga. App. at 316 (4).

With respect to this factor, Wofford argues that "[i]t is impossible to speculate what three years can do to people's memory and physical evidence." But "a generalized statement that the memories of witnesses have faded over the passage of time is not sufficient. For memory lapse to be prejudicial, appellant must establish that the lapses substantially relate to a material issue." (Citations omitted.) *Smith*, supra, 284 Ga. at 20 (2). Wofford has also failed to explain what physical evidence has been affected by the passage of time.

Wofford also argues that he will be prejudiced by the absence of a defense witness. One of Wofford's witnesses, a medical expert, filed a motion for protective order seeking to quash his subpoena in light of the witness's declining physical and mental health. Although this witness may not be available to testify, his motion explains that although he conducted a one-hour psychiatric evaluation of the child victim in this case and prepared a written report, he had "no factual or other information concerning the subject minor and no information at all concerning the occurrences apparently at issue in this action." His motion further asserted that in the absence of any waivers from the victim or her legal representatives, he "remains obligated to keep all aspects of his psychiatric-patient relationship to the subject child completely confidential." "To prove prejudice due to the unavailability of these witnesses, [the defendant] must show that the unavailable witnesses could supply material evidence for the defense." (Citation and footnote omitted.) *Ingram v. State*, 280 Ga. App. 467, 470-471 (1) (d) (634 SE2d 430) (2006). Wofford has failed to make this showing.

In this case, "[t]wo of the *Barker* factors balance against the State, but the negative weight of one — the reason for the delay — is relatively minimal." *Simmons*, supra, 290 Ga. App. at 317 (5). And the lack of prejudice as well as Wofford's failure to timely assert his right to speedy trial, weigh heavily against him. Id.; see *Boseman*, supra, 263 Ga. at 734 (1) (e). Under these circumstances, the delay did not violate Wofford's constitutional right to a speedy trial. The trial court therefore did not err in denying his motion for discharge and acquittal.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED MAY 5, 2009 —
RECONSIDERATION DENIED JULY 15, 2009.

*Sexton & Sexton, James D. Sexton, Giles D. Sexton, Randall S. Rolader*, for appellant.

*Daniel J. Porter, District Attorney, Kimberly A. Gallant, Assistant District Attorney,* for appellee.