## A09A0846. FALAGIAN v. THE STATE.
(684 SE2d 340)

MILLER, Chief Judge.

Following his arrest in 2003, Jorge Falagian was indicted in Fulton County Superior Court on three counts of theft by taking (OCGA § 16-8-2). More than four and a half years after his arrest, Falagian filed a motion seeking dismissal of the charges on the basis that the State violated his Sixth Amendment right to a speedy trial, and also filed demurrers and a plea in abatement to the indictment. Falagian appeals from the trial court's order denying his motion to dismiss, demurrers, and plea in abatement, arguing that the trial court erred in (i) failing to consider the State's bad faith and prejudice to him in finding that his speedy trial right had not been violated; (ii) denying his plea in abatement based on the rule of lenity; and (iii) denying his general and special demurrers because the indictment did not sufficiently apprise him of the unlawful conduct and was misleading. Concluding that no prejudice resulted from the State's delay in bringing Falagian to trial and otherwise discerning no error, we affirm.

In the underlying case, the record shows that Doe Kim owned Neighbors Grocery Store, which was also a duly licensed and authorized check cashing business. After Falagian wrote and cashed several bad checks in excess of $197,000 at Kim's store, Kim hired an attorney to send a ten-day letter to Falagian, pursuant to OCGA § 16-9-20, seeking the return of said sums. Approximately one month later, when Falagian failed to comply with the ten-day letter to pay the monies owed to Kim, Kim contacted the police to initiate criminal charges against Falagian. On September 19, 2003, Falagian was arrested for the offense of theft by conversion.

Kim met with an investigator with the Fulton County District Attorney's office ("Fulton DA's office") three to four times in 2004 and 2005; however, when the State took no action to prosecute Falagian, Kim filed a civil action against Falagian for fraud. In or around March 2007, the civil suit settled, but Kim contacted the Fulton DA's office because he was unhappy with the terms of the settlement relating to repayment of the check proceeds. Thereafter, on May 11, 2007, the State indicted Falagian for three counts of theft by taking.

1. Falagian argues that the trial court erred in denying his motion to dismiss on constitutional speedy trial grounds. We disagree.

We review a trial court's grant or denial of a motion to dismiss on speedy trial grounds for an abuse of discretion. *Ruffin v. State*, 284 Ga. 52, 65 (3) (663 SE2d 189) (2008).

"An accused is guaranteed the right to a speedy trial by the

188

Sixth Amendment to the Constitution of the United States and Art. I, Sec. I, Par. XI (a) of the 1983 Georgia Constitution." *Thomas v. State*, 296 Ga. App. 231, 234 (2) (674 SE2d 96) (2009). This right attaches "at the time of arrest or indictment, whichever is earlier. [Cit.]" Id.

> The test for determining whether a defendant's Sixth Amendment right to a speedy trial has been violated considers the conduct of the State and the defendant under four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted the right to a speedy trial; and (4) whether the defendant was prejudiced by the delay.

*Kramer v. State*, 287 Ga. App. 796, 797 (1) (652 SE2d 843) (2007), citing *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), and *Boseman v. State*, 263 Ga. 730, 731 (438 SE2d 626) (1994). The trial court considers these factors together in a balancing test of the conduct of the State and the defendant. *Kramer*, supra, 287 Ga. App. at 797 (1).

(a) *Length of delay*. This factor plays into the speedy trial analysis in two respects.

> First, a court must determine whether the delay has crossed the threshold dividing ordinary from presumptively prejudicial delay, since by definition, the accused cannot complain that the government has denied him a speedy trial if it has, in fact, prosecuted his case with customary promptness.

(Citation and punctuation omitted.) *Boseman*, supra, 263 Ga. at 732 (1) (a). "If the delay passes this threshold test of presumptive prejudice, then the *Barker* inquiry is triggered." Id.; *Thomas*, supra, 296 Ga. App. at 234 (2) (a) (any delay approaching a year is presumptively prejudicial).

Here, Falagian was arrested in September 2003, and he had not yet been tried by March 27, 2008, when he filed his motion to dismiss based on a violation of his constitutional right to a speedy trial. This 54-month delay was presumptively prejudicial, which we weigh in favor of Falagian, and we therefore proceed "to inquire into the other *Barker* factors that go into the balance." (Citations and punctuation omitted.) *Frazier v. State*, 277 Ga. App. 881 (627 SE2d 894) (2006) (34-month delay was presumptively prejudicial).

(b) *Reason for delay*. Although the State took no action after Kim met with the Fulton DA's office investigator in 2004-2005 and only later took action after Kim complained that he was unhappy with the

terms of his settlement, no explanation for the delay was offered by the State or any other witness. "When a delay is unexplained, it is treated as having been caused by the negligence of the State in bringing the case to trial." (Citations omitted.) *State v. Bazemore*, 249 Ga. App. 584, 586 (1) (b) (549 SE2d 426) (2001); see also *Brannen v. State*, 274 Ga. 454, 455 (553 SE2d 813) (2001). The trial court should have independently weighed the unexplained delay in Falagian's favor and erred to the extent that it "overlooked this factor in the four-factor balancing process." *Ruffin*, supra, 284 Ga. at 59 (2) (b) (i). As such, we weigh this factor in favor of Falagian.

(c) *Assertion of the right.* "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant." (Citation and punctuation omitted.) *Simmons v. State*, 290 Ga. App. 315, 316 (3) (659 SE2d 721) (2008); accord *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001). Here, Falagian did not file a statutory request for speedy trial pursuant to OCGA § 17-7-171, and did not assert his constitutional right to a speedy trial for the 54 months between his arrest and the filing of his motion to dismiss. Since Falagian failed to timely assert his right to a speedy trial, such failure "is entitled to strong evidentiary weight against [him]." (Citation and punctuation omitted.) *Simmons*, supra, 290 Ga. App. at 316 (3); see also *Watkins v. State*, 267 Ga. App. 684, 685-686 (c) (600 SE2d 747) (2004) (delay of 42 months from date of arrest to assertion of constitutional right to speedy trial weighed against defendant).

(d) *Prejudice to defendant.* "Within the *Barker* balancing test, the issue of prejudice weighs most heavily in determining whether a defendant's constitutional rights have been violated." (Citation and punctuation omitted.) *Simmons*, supra, 290 Ga. App. at 316 (4). In evaluating this final factor, we "consider three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired." (Citations and punctuation omitted.) *Weldon v. State*, 262 Ga. App. 782, 785 (2) (d) (586 SE2d 452) (2006). Impairment of one's defense is the most important component of the prejudice factor. *Simmons*, supra, 290 Ga. App. at 316 (4).

On appeal, Falagian does not argue that oppressive pretrial incarceration or impairment of his defense requires dismissal. Instead, Falagian focuses only on anxiety and concern; yet at the hearing on the motion to dismiss, he presented no evidence showing that he suffered from any unusual anxiety or concern as a result of the delay in his trial. His counsel merely stated in his place that Falagian had been his client since before the case was indicted; that Falagian paid him for representation on the civil matter and criminal

case; and that Falagian has had the criminal matter "hanging over his head" for the past five years. The record on appeal does not indicate whether Falagian was in custody or had been released on bond. We have held that "anxiety and concern of the accused . . . is always present to some extent, and thus absent some unusual showing it is not likely to be determinative in defendant's favor." (Citation and punctuation omitted.) *Vyas v. State*, 285 Ga. App. 467, 470 (646 SE2d 692) (2007). The trial court specifically found that Falagian failed to establish prejudice given these conclusory statements, and we conclude that the trial court properly weighed this factor heavily against Falagian. *Jackson v. State*, 272 Ga. 782, 785 (534 SE2d 796) (2000) (generalized claims fall short of offering the "specific evidence" necessary to weigh the prejudice factor in the defendant's favor).

(e) *Outcome*. In balancing the *Barker* factors, two of the factors balance against the State: the length of the delay and the reason for the delay. Weighed against Falagian are the 54-month delay in asserting his constitutional right to a speedy trial, and the lack of prejudice resulting from the State's failure to bring him to trial. Although we do not condone the State's delay in bringing Falagian's case to trial, Falagian's late assertion of his constitutional right to a speedy trial weighs heavily against him as does his failure to show prejudice in light of such delay. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying Falagian's motion to dismiss. *Nelloms*, supra, 274 Ga. at 181 (defendant's constitutional right to speedy trial was not violated where defendant waited 51 months before asserting his right to a speedy trial and he suffered no impairment to his defense).

2. Falagian argues that the trial court erred in denying his plea in abatement because the same evidence could be used to prove theft by taking and deposit account fraud, and under the rule of lenity, he should have been charged with the lesser offense, deposit account fraud. Inasmuch as theft by taking and deposit account fraud are both felony offenses under the facts alleged in the indictment and Falagian has not yet been convicted, the rule of lenity is inapplicable.

"When [questions] of law [are] at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review. [Cit.]" *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

> The rule of lenity entitles the accused to the lesser of two penalties where the *same* conduct would support either a felony or misdemeanor conviction. Even though the rule of lenity may apply when the applicable misdemeanor is not a lesser included offense to the charged felony, . . . the essen-

tial requirement of the rule of lenity is that both crimes could be proved with the same evidence.

(Citations omitted; emphasis in original.) *Selfe v. State*, 290 Ga. App. 857, 862 (3) (660 SE2d 727) (2008).

Here, Count 1 of the indictment alleges that on or about May 22, 2003, Falagian

did unlawfully take United States Currency, of a value in excess of $500.00, the property of Doe Tae Kim d/b/a Global Commerce Bank, with the intention of depriving said owner of said property, to wit: By cashing check #1846, drawn on the account of C J General Contractor Inc. at Branch Banking and Trust Company, . . . without having sufficient funds in said account to honor said check. . . .

The other two counts of the indictment also allege separate takings of United States currency in excess of $500 from Kim with the intent of depriving Kim of such funds on two separate dates, May 29, 2003 and June 5, 2003.

The indictment describes an instance in which each incident of theft occurred, in that Falagian cashed a check exceeding $500 on certain specified accounts. Even assuming that the State uses the same evidence at trial to prove deposit account fraud, such crime is punishable as a felony when the value of the check exceeds $500. OCGA § 16-9-20 (b) (3) ("a person convicted of the offense of deposit account fraud, when the instrument is for $500.00 or more, shall be guilty of a felony. . . ."). Since theft by taking and deposit account fraud are both felony offenses, the rule of lenity is inapplicable. OCGA § 16-8-12 (a) (1) (if property of theft exceeded $500 in value, crime is punishable by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor); *Shabazz v. State*, 273 Ga. App. 389, 391 (615 SE2d 214) (2005) (rule of lenity is only applicable where differing grades of punishment are at issue). Moreover, given that Falagian has not yet been convicted of theft by taking, this argument is premature.

Based on the foregoing, we conclude that the trial court did not err in denying Falagian's plea in abatement based on the rule of lenity.

3. Falagian also contends that the trial court erred in (i) denying his general demurrer because the indictment did not sufficiently inform him of the elements of theft by taking and (ii) overruling his special demurrer based on confusing and misleading language in the indictment. We are not persuaded.

> [T]he true test of the sufficiency of the indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

(Citation and punctuation omitted.) *Williams v. State*, 257 Ga. App. 206, 207 (b) (570 SE2d 645) (2002). "An indictment which charges the offense in the language of the defining statute and describes the acts constituting the offense sufficiently to put the defendant on notice of the offense with which he is charged survives a general demurrer. [Cit.]" *Drewry v. State*, 201 Ga. App. 674-675 (1) (a) (411 SE2d 898) (1991); OCGA § 17-7-54. When analyzing a general demurrer, the question is whether a defendant can admit to the conduct and still be innocent of the crime. *Dorsey v. State*, 279 Ga. 534, 538 (2) (615 SE2d 512) (2005).

Here, the indictment tracked the language of theft by taking in violation of OCGA § 16-8-2, and sufficiently placed Falagian on notice of the charges against him. Specifically, in each count of theft by taking, the indictment alleges that Falagian took United States currency in excess of $500 from Kim with the intention of depriving him of said funds on a specific date. If Falagian admitted the conduct alleged in the indictment, he would not be innocent of the crime. As such, the trial court did not err in denying his general demurrer.

Falagian also contends that the trial court erred in overruling his special demurrer because the inclusion of the word "unlawfully" in the indictment was confusing and misled him as to which conduct was illegal. Falagian argues that the indictment refers to the unlawful act of cashing a check when the stated account lacked the funds to cover it, and that such act constituted the offense of deposit account fraud, rather than theft by taking. Given that the indictment contained all the essential elements of the offense of theft by taking, we disagree.

In reviewing an indictment on interlocutory appeal, before trial, "we must apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance." (Footnote omitted.) *Blackmon v. State*, 272 Ga. App. 854, 855 (614 SE2d 118) (2005).

"By special demurrer, an accused claims, not that the charge in an indictment . . . is fatally defective and incapable of supporting a conviction (as would be asserted by general demurrer), but rather that the charge is imperfect as to form or that the accused is entitled

to more information." (Footnote omitted.) *State v. Jones*, 251 Ga. App. 192, 193 (553 SE2d 631) (2001). See also *State v. Gamblin*, 251 Ga. App. 283 (1) (553 SE2d 866) (2001).

As noted above, the indictment tracks the statutory language of theft by taking. Additionally, it provides some factual detail to support the crimes alleged, that the thefts occurred when Falagian cashed checks on three separate dates on the account of C J General Contractor when there were insufficient funds in the listed accounts to honor the checks. Although Falagian makes much of the fact that the arrest warrant initially alleged charges of theft by conversion, the fact that the warrant charged Falagian with theft by conversion has no bearing on this case because the State indicted Falagian for theft by taking. While the evidence at trial might have also supported a conviction for theft by conversion, here, the State need only prove that Falagian took money from Kim with the intent to deprive Kim of said funds.

Given that the indictment tracks the language of the relevant Code section for theft by taking and identifies the offense as theft by taking, Falagian cannot reasonably claim that this language was confusing or misleading such that he did not understand what conduct was unlawful, or that he risked future prosecution for the same offense. *Williams*, supra, 257 Ga. App. at 207 (b). As such, the trial court did not err in overruling his special demurrer.

For the reasons set forth above, we affirm the trial court's order denying Falagian's motion to dismiss, demurrers, and plea in abatement.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 23, 2009.

*James S. Lewis*, for appellant.
*Paul L. Howard, Jr., District Attorney, John O. Williams, Bradley R. Malkin, Assistant District Attorneys*, for appellee.

