## 74749. THOMAS v. THE STATE.
(361 SE2d 21)

BIRDSONG, Chief Judge.

George L. Thomas, appellant, was charged with the malice murder of Randy Pritchard, but was convicted of voluntary manslaughter. Thomas and his girl friend, Cathy Mays, went to the Green Front Cafe, in Griffin, Georgia, around midnight on April 2, 1984. They purchased sandwiches and walked outside to the front of the cafe, where a dice game was in progress. Pritchard was shooting dice and had lost around $25. Thomas said he had known Pritchard for some time and laughed at him. Pritchard and Thomas grabbed each other and got into a shoving match which was broken up by Thomas' brother, Jerry. Thomas testified that Pritchard, who was larger than he, told Thomas he could beat him, and Thomas told Pritchard he could not. Pritchard said, "you wait until I get back" and left for approximately 15 minutes. Pritchard walked toward Thomas, and Thomas said he thought Pritchard had left to get a knife, and he "stepped back. . . . Then he walked up on me again. That's when I hit him with a stick. . . ." Thomas struck Pritchard on the right side of his head with a one-by-four timber, approximately three feet in length. Pritchard's skull was fractured and he died shortly thereafter. The jury returned a verdict of guilty of voluntary manslaughter, and Thomas brings this appeal. Held:

1. Appellant contends the trial court erred in failing to grant his motion for directed verdict of acquittal at the close of the State's evidence, and again at the close of all the evidence. In the brief, counsel argues that the "uncontroverted and internally consistent statement and testimony of appellant simply failed to authorize a malice murder conviction, and therefore the motions for directed verdict of acquittal, should have been granted of the indicted offense, murder, and the defendant acquitted and discharged."

Appellant misperceives the purpose of a motion for a directed verdict of acquittal. The statute states, inter alia: "Where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty' *as to the entire offense* . . . the court may direct the verdict of acquittal to which the defendant is entitled. . . ." (Emphasis supplied.) OCGA § 17-9-1 (a). The directed verdict of acquittal demanded by appellant was to "the entire offense" of malice murder, and was inappropriate if the evidence would sustain convic-

tion of any lesser included offense. See *Summers v. State*, 99 Ga. App. 183 (2) (108 SE2d 140). It is only when a verdict of acquittal as to all offenses is the only legal finding possible that a directed verdict of acquittal is applicable. *Bell v. State*, 15 Ga. App. 718 (2) (84 SE 150). Moreover, any issue of malice involves the intent of the perpetrator of a crime and intent is a question for the trier of fact. *Sheffield v. State*, 241 Ga. 245 (2) (244 SE2d 869). The trial court did not err in refusing to grant a directed verdict of acquittal of the malice murder offense.

2. Appellant claims the evidence is insufficient as a matter of law for a finding of guilty of voluntary manslaughter. Thomas claims to have acted reasonably and in self-defense. Voluntary manslaughter is defined as causing the death of another under circumstances which would otherwise be murder except that the perpetrator "acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . ." OCGA § 16-5-2 (a). A person is justified in using force against another to the extent he reasonably believes such force is necessary to defend himself. OCGA § 16-3-21 (a). However, "a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or to prevent the commission of a forcible felony." Id.

The distinguishing characteristic between voluntary manslaughter and justifiable homicide is whether the accused was so influenced and excited that he reacted passionately rather than simply to defend himself. *Gregg v. State*, 233 Ga. 117, 121 (210 SE2d 659). Circumstances which are sufficient to show voluntary manslaughter, as opposed to justifiable homicide, include a situation in which sudden passion, or fear, is aroused in the actor, without malice aforethought, and the actor willfully kills his attacker, when it was not necessary for him to do so in order to protect himself. *Williams v. State*, 232 Ga. 203, 204 (206 SE2d 37), overruled in part on other grounds, *Jackson v. State*, 239 Ga. 40 (235 SE2d 477). The fear engendered by danger can be sufficient provocation to excite the passion necessary for voluntary manslaughter. *Syms v. State*, 175 Ga. App. 179, 180 (332 SE2d 689). "While words and threats alone are generally not sufficient provocation, the issue of whether a reasonable person acts as the result of an irresistible passion may be raised by words which are connected to provocative conduct by the victim." *Washington v. State*, 249 Ga. 728, 731 (292 SE2d 836). The evidence here showed a threat by the victim "to beat" the appellant, and together with the victim's conduct to "wait until I get back" and then returning and advancing toward appellant, amounts to provocative conduct.

However, appellant provided the only eyewitness testimony of

this incident. No weapon was found on the victim or in the vicinity, and appellant did not say that he saw a weapon, only that he believed the purpose of Pritchard's departure was to obtain a weapon. A jury is not required to believe appellant's self-defense testimony. *Jenkins v. State*, 241 Ga. 212 (244 SE2d 868); *Daniels v. State*, 172 Ga. App. 315 (1) (323 SE2d 229).

When the evidence is viewed in the light favorable to upholding the verdict, as an appellate court is required to do, we find the evidence sufficient to enable any rational trier of facts to find the existence of the offense of voluntary manslaughter, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 9, 1987.

Christopher C. Edwards, Timothy C. Cramer, for appellant.

Johnnie L. Caldwell, Jr., District Attorney, Anne Cobb, Assistant District Attorney, for appellee.