S08A0406. HARRISON v. THE STATE.
(661 SE2d 536)

SEARS, Chief Justice.

In 2004, a Whitfield County jury convicted Michael E. Harrison of malice murder and related offenses arising out of the shooting

---

death of Bobby Merrell. Harrison appeals, challenging the sufficiency of the evidence used to convict him. Finding no merit in Harrison's claim, we affirm.[1]

The evidence presented at trial would have enabled a rational trier of fact to find as follows. Michael E. Harrison is a part-time drug dealer specializing in methamphetamine ("crystal meth"). On the evening of May 17, 2003, Harrison was enjoying an evening at home with his wife in their new trailer. Bobby Merrell, a friend of Harrison's who was also one of his wife's relatives, came over to visit along with their mutual friend, John Neighbors. The visit was cordial at first, but Harrison soon asked Merrell and Neighbors to leave because he and his wife were hoping to enjoy an intimate evening alone in their new home.

Merrell told Harrison he wanted to talk to him about an earlier crystal meth transaction. Harrison had sold Merrell crystal meth for $150, and Merrell felt that Harrison had shorted him on the quantity of the drugs. A heated argument ensued, and both men drew guns. Harrison's wife intervened and was initially able to defuse the situation somewhat. However, when Merrell turned to leave and stepped toward the door, Harrison raised his gun and shot him twice in the back before pausing and then shooting him a third time. Merrell fell partially through the doorway on his back and side.

Harrison, his wife, and Neighbors conferred briefly about what to do. They decided that Harrison's wife would drive Neighbors to see his father, Vernon Redmond, and take the drugs and drug paraphernalia the Harrisons kept in their home and hide them. After speaking

---

[1] Harrison committed his crimes beginning on May 17, 2003, and the grand jury indicted him for malice murder, felony murder, aggravated assault, concealing the death of another, making a false statement to the police, and possession of a firearm during the commission of a felony. Harrison was tried February 9-12, 2004, and the jury convicted him on all counts. In light of the malice murder conviction, the felony murder conviction was vacated by operation of law under OCGA § 16-1-7, and the aggravated assault conviction merged. *Perkinson v. State*, 273 Ga. 491 (1) (542 SE2d 92) (2001); *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). The trial court sentenced Harrison on February 16, 2004, to life imprisonment for malice murder, five years consecutive for possession of a firearm during the commission of a felony, and ten and five years concurrent, respectively, for concealing the death of another and making a false statement to the police.

Harrison filed a motion for new trial on February 18, 2004, which he attempted to amend pro se on November 29, 2004. The trial court dismissed Harrison's attempted amendment but never ruled on the original new trial motion. New counsel filed a motion for permission to pursue an out-of-time appeal on June 27, 2005, and on December 4, 2006, the trial court entered a consent order submitted jointly by Harrison and the District Attorney allowing Harrison to file an out-of-time appeal. Harrison timely filed his notice of appeal on December 28, 2006, but this Court dismissed the appeal as premature on September 24, 2007, due to the pendency of the original new trial motion in the trial court. At Harrison's request, the trial court dismissed the pending new trial motion on October 5, 2007, and Harrison filed a timely notice of appeal on October 25, 2007. The case was docketed in this Court on November 13, 2007, and submitted for decision on the briefs on January 7, 2008.

with Redmond, Harrison's wife took Neighbors to his grandmother's house and dropped him off and then went back to see Redmond again. Harrison's wife and Redmond then returned to the Harrison home, where Harrison, his wife, and Redmond concocted a plan to destroy all evidence of what had happened. By his own admission, during the hour to an hour-and-a-half that his wife was gone, Harrison never once checked to see if Merrell was alive, did not attempt to help him in any way, and never tried to call an ambulance or the police for help.

Harrison and Redmond dragged Merrell's body the rest of the way out of the trailer and stuffed him into the trunk of his own car. Harrison's wife stayed behind to start cleaning up the blood and other evidence while Harrison and Redmond drove Merrell's car and another vehicle to a secluded area on Grassy Mountain. There, Harrison and Redmond soaked Merrell's car in lamp oil and set it on fire. The resulting conflagration burned both the car and Merrell's body almost beyond recognition. Merrell's remains were so badly burned that they had to be removed from the trunk in pieces. The following day, Redmond informed the police of the shooting and the plan to dispose of the body.

Harrison's sole enumeration of error is that the evidence presented at trial was insufficient as a matter of law to enable the jury to reject his claim of self-defense and find him guilty of malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime.[2] At bottom, Harrison's appeal is based on nothing more than his disagreement with the credibility determinations made by the jury. However, decisions regarding credibility are uniquely the province of the trier of fact.[3] With this in mind, and having reviewed the evidence in the light most favorable to the jury's verdict, we have no difficulty concluding that the evidence presented at trial was sufficient to enable a rational trier of fact to reject Harrison's self-defense claim and find him guilty beyond a reasonable doubt of the crimes for which he was convicted.[4]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 19, 2008.

*Mary Erickson*, for appellant.

---

[2] Harrison does not challenge his convictions for concealing the death of another and making a false statement to the police.

[3] *Lewis v. State*, 283 Ga. 191 (657 SE2d 854) (2008); *Moore v. State*, 283 Ga. 151 (656 SE2d 796) (2008). See also *Lessee of Ewing v. Burnet*, 36 U. S. (11 Pet.) 41, 50-51 (9 LE 624) (1837) ("[I]t is the exclusive province of the jury . . . to judge . . . the credibility of the witnesses, and the weight of their testimony. . . .").

[4] *Jackson v. Virginia*, 443 U. S. 307, 309 (99 SC 2781, 61 LE2d 560) (1979); *In re Winship*, 397 U. S. 358, 361-364 (90 SC 1068, 25 LE2d 368) (1970).

*Kermit N. McManus, District Attorney, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General,* for appellee.