A08A1777. THOMAS v. THE STATE.
(674 SE2d 96)

BERNES, Judge.

Tethine Thomas was convicted of voluntary manslaughter and possession of a firearm during the commission of a felony based on the shooting death of the 14-year-old victim, B. W. Thomas argues

---

that the state failed to disprove his claim of self-defense and that his convictions were therefore unauthorized. He also argues that the trial court erred in denying his motion to dismiss on constitutional speedy trial grounds. We discern no error and affirm.

> In reviewing the sufficiency of the evidence to support a criminal conviction, we examine the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We neither weigh the evidence nor evaluate the credibility of witnesses; we merely determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Windham v. State*, 278 Ga. App. 663, 663-664 (629 SE2d 837) (2006). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the trial evidence shows that Thomas and the victim had lived in the same neighborhood and had met through a mutual friend. On the evening the crimes were committed, Thomas had joined the victim and a group of his friends to smoke marijuana. While they were smoking, the victim became angry at Thomas for "hogging" the marijuana and an argument between Thomas and the victim then ensued. Thomas left the group, went home, and retrieved his mother's gun.

Later that evening, Thomas encountered the victim riding his bicycle. The victim approached Thomas and punched him in his face. In response, Thomas pulled out the gun and fatally shot the victim in his head.

Thomas fled from the scene. He later called 911 and turned himself in to police. The officers searched Thomas when he was arrested and discovered the gun that was used in the shooting in Thomas's jacket pocket. After being informed of his *Miranda* rights, Thomas gave the officers a statement in which he admitted that he had shot the victim, but claimed that it was accidental. At trial, Thomas testified but offered a different version of the events surrounding the shooting.

Following the presentation of the evidence at trial, the jury returned a verdict finding Thomas guilty of voluntary manslaughter and possession of a firearm during the commission of a felony.

1. Thomas contends that the state failed to disprove his claim of self-defense. We disagree.

Under Georgia law, "a person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent death

or great bodily injury to himself or herself or a third person or to prevent the commission of a forcible felony." OCGA § 16-3-21 (a). Whether the evidence shows that a person had a reasonable belief that deadly force was necessary in self-defense is a question for the jury. See *Windham*, 278 Ga. App. at 666. The jury's resolution of this question will not be reversed on appeal when the defendant's challenge merely points to conflicts in the evidence and questions witness credibility, matters which are to be determined exclusively by the jury. See *Harrison v. State*, 283 Ga. 518, 520 (661 SE2d 536) (2008); *Windham*, 278 Ga. App. 663, 663-664.

At trial, Thomas testified to his version of the events and described several prior incidents in which he claimed to have been harassed and intimidated by the victim and his friends. Thomas contended that the victim had placed a gun to his head during each of these prior incidents and that the victim possessed a gun at the time Thomas shot him.

However, no weapon belonging to the victim was found at the crime scene. Witnesses who had been with the victim immediately prior to the shooting testified that the victim did not have a gun in his possession that evening. And significantly, in his pre-trial statement to police, Thomas stated that he did not see the victim with a gun at the time of the shooting, claiming instead that he had shot the victim by mistake. Moreover, when the police found the deceased victim, his hands were still "clenching" the handle bars of his bicycle. There was no evidence at the scene indicating that the victim had been holding any weapon prior to receiving the instantly paralyzing and fatal gunshot wound. The evidence showing that the victim was unarmed at the time of the incident authorized the jury to conclude beyond a reasonable doubt that Thomas was not justified in using deadly force. See *Brown v. State*, 242 Ga. App. 106, 106-107 (1) (528 SE2d 868) (2000); *Thomas v. State*, 184 Ga. App. 131, 132-133 (2) (361 SE2d 21) (1987).

> A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person[.]

OCGA § 16-5-2 (a).

> Circumstances which are sufficient to show voluntary manslaughter, as opposed to justifiable homicide, include a situation in which sudden passion, or fear, is aroused in the

> actor, without malice aforethought, and the actor willfully kills his attacker, when it was not necessary for him to do so in order to protect himself.

*Thomas*, 184 Ga. App. at 132 (2). Evidence of the hostile encounters between Thomas and the victim authorized the jury to conclude that Thomas shot the victim as a result of sudden passion or anger, rather than out of necessity to protect himself. See id. at 132-133 (2). See also *Young v. State*, 229 Ga. App. 497, 499-500 (494 SE2d 226) (1997). Notwithstanding the evidentiary conflicts, "the jury was free to accept the evidence [including Thomas's own inculpatory statements,] that the shootings were not done in self-defense . . . and to reject any evidence offered by [Thomas] in support of a justification defense." (Punctuation omitted.) *Harris v. State*, 279 Ga. 304, 306 (2) (612 SE2d 789) (2005).

2. Next, Thomas contends that the trial court erred in denying his motion to dismiss on constitutional speedy trial grounds. We discern no error.

An accused is guaranteed the right to a speedy trial by the Sixth Amendment to the Constitution of the United States and Art. I, Sec. I, Par. XI (a) of the 1983 Georgia Constitution. These rights attach at the time of arrest or indictment, whichever is earlier. See *Disharoon v. State*, 288 Ga. App. 1, 3 (1) (652 SE2d 902) (2007).

> The test for determining whether a defendant's Sixth Amendment right to a speedy trial has been violated considers the conduct of the [s]tate and the defendant under four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted the right to a speedy trial; and (4) whether the defendant was prejudiced by the delay. *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972); *Boseman v. State*, 263 Ga. 730, 731 (438 SE2d 626) (1994). The factors are considered together in a balancing test of the conduct of the [s]tate and the defendant, and the trial court's ruling on the speedy trial claim will be reversed on appeal only for abuse of discretion.

(Citations omitted.) *Kramer v. State*, 287 Ga. App. 796, 797 (1) (652 SE2d 843) (2007). After conducting a hearing regarding this matter and considering each of the factors, the trial court concluded that there had been no speedy trial violation in this case. We agree.

(a) *Length of the delay.* "As a general rule, any delay approaching a year raises a threshold presumption of prejudice." *Nusser v. State*, 275 Ga. App. 896, 897 (622 SE2d 105) (2005). Thomas was arrested on January 10, 1999 and had been out on bond since April 1999. He

was formally charged by the indictment on July 6, 2001, and his trial commenced on March 15, 2004. Because the delay in this case extended over a five-year period, it was presumptively prejudicial and weighed in favor of Thomas.

(b) *Reason for the delay.* The trial court also properly weighed this factor in Thomas's favor, concluding that the delay was the result of a backlog of murder cases and the manner in which the cases were prioritized in the court system. Furthermore, although the case had been scheduled on several court calendars following the return of the indictment, the state had been granted trial continuances due to the absence of a witness. While there was no evidence that the state had intentionally delayed the trial to hamper the defense, "the responsibility for bringing a defendant promptly to trial rests with the government. Although this type of unintentional delay is relatively neutral or benign, it still must be weighted against the [s]tate." (Citation and punctuation omitted.) *Simmons v. State*, 290 Ga. App. 315, 316 (2) (659 SE2d 721) (2008).

(c) *Defendant's assertion of the right.* "While the state has a duty to bring the defendant to speedy trial, the defendant has a responsibility to assert that right." (Citation and punctuation omitted.) *Nusser*, 275 Ga. App. at 898. A defendant's failure to timely assert his right can be weighed heavily against him in the analysis. Id. Thomas did not assert his right to a speedy trial until he filed his motion to dismiss on the day of trial. "Because [Thomas] did not assert his constitutional rights until trial was imminent, . . . the trial court was authorized to weigh this factor in favor of the [s]tate." (Citations and punctuation omitted.) Id.

(d) *Prejudice to the defendant.* "The test for whether a defendant has been prejudiced requires the court to consider three interests: preventing oppressive pretrial incarceration, minimizing a defendant's anxiety and concern, and limiting the possibility that the defense will be impaired." (Citation omitted.) *Nusser*, 275 Ga. App. at 900. The determination of whether the defendant's ability to raise a defense was impaired by the delay is most significant to the prejudice analysis. See id.

Thomas was released on bond shortly after his arrest, and therefore, did not suffer any prejudice arising from an oppressive pre-trial incarceration. See *Nusser*, 275 Ga. App. at 900. Thomas presented no evidence showing that he suffered from any unusual anxiety or concern as a result of the delay in his trial. "Anxiety and concern of the accused are always present to some extent, and thus absent some unusual showing are not likely to be determinative in defendant's favor." (Citation omitted.) Id.

Thomas argues that he suffered prejudice based on the loss of the victim's clothing and the death of a state's witness prior to trial.

Thomas, however, failed to establish that the victim's clothing was essential evidence or that it would have been retained had the case gone to trial earlier. Furthermore, the trial court eliminated any potential prejudice to the defense by excluding the state's ballistics evidence, which was predicated on the victim's clothing. And, Thomas's counsel conceded that there was no prejudice based upon the death of the witness since the state agreed not to introduce the witness's pre-trial statement, thereby eliminating any hearsay and confrontation concerns. Accordingly, Thomas failed to show that he was prejudiced by the delay, and this factor weighed in favor of the state.

(e) *Balancing the factors.* In sum, the trial court weighed the first and second factors in favor of Thomas, but weighed the third and fourth factors in favor of the state. "None of the four factors is either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial, and the trial court is afforded discretion in how it balances and weighs the factors together." (Citation and punctuation omitted.) *Nusser*, 275 Ga. App. at 902. Thomas's failure to timely assert his constitutional speedy trial right and his failure to show any prejudice resulting from the delay weighed heavily against him in the analysis. See *Simmons*, 290 Ga. App. at 317 (5). Balancing the factors and considering the procedural history of the case, the trial court was authorized to conclude that Thomas's constitutional speedy trial right had not been violated. See id.; *Nusser*, 275 Ga. App. at 902.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED FEBRUARY 20, 2009.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, David K. Getachew-Smith, Assistant District Attorney*, for appellee.