S09A0814. WILLIAMS v. THE STATE.
(685 SE2d 282)

NAHMIAS, Justice.

In 2008, a Fulton County jury convicted Alfred Williams of malice murder and other crimes in connection with the shooting death of BaKarry Bailey. On appeal, Williams contends the evidence presented at trial was insufficient to support his convictions and that the trial court erroneously sentenced him for a charge on which the jury returned a verdict of not guilty. We conclude that the evidence was more than sufficient to support Williams's convictions but that the trial court did err in sentencing him. Accordingly, we affirm Williams's convictions and life sentence for malice murder and remand to the trial court for resentencing on the two firearms convictions only.[1]

1. Viewed in the light most favorable to the verdicts, the

---

[1] Williams committed his crimes on October 31, 2006, and he was indicted on May 8, 2007. At the conclusion of a five-day trial, the jury convicted him on February 1, 2008, of malice murder, felony murder, aggravated assault with a deadly weapon, and two counts of possession

evidence presented at trial would have enabled a rational trier of fact to find as follows. On Halloween Day 2006, Williams shot and killed rival drug dealer BaKarry Bailey. Both Williams and the victim were crack cocaine dealers, and the victim's mother was unwilling to let anyone other than her son sell drugs out of the Club Castlewood apartment complex where the victim and his mother lived. Angered by what he perceived as an unreasonable restriction on his sales area, Williams set out with an accomplice, co-defendant Leon Robinson, to kill his competition.

On the afternoon of the murder, the victim was at his apartment with two roommates, Marcus Johnson and Daryl Middlebrook. A knock came at the door followed by the words, "Trick or treat!" Middlebrook opened the door, but no one was there. As he was closing the door, Williams and Robinson, dressed in all black and wearing masks, kicked the door open and started shooting. The victim was hit once in the forehead, killing him. Williams and Robinson hastily fled the scene in a vehicle waiting outside.

One of the victim's neighbors had spoken to Williams earlier that day and saw Williams as he was fleeing from the apartment. Despite the disguise, the neighbor recognized Williams because of his dreadlocks and his distinctive limp. A few hours later, Williams contacted another neighbor of the victim, Charles Catchings, and said, "I need you to go see if I killed that nigger." Earlier that day, Williams had told Catchings that he intended to "murk" (kill) the victim. In asking Catchings to confirm his handiwork, Williams mentioned that he yelled "Trick or treat!" before his accomplice kicked open the door and said that he, Williams, was the one who shot the victim in the head with a .45 caliber handgun. Catchings contacted the police and offered to assist in the investigation, and the police recorded several telephone calls between Catchings and Williams. In these calls, Williams confirmed the "Trick or treat!" ruse, as well as other incriminating details of the crime.

When Williams was arrested, the police recovered a loaded 9mm Baretta with the safety off underneath the couch cushion where he was sitting. The police found a Glock .45 magazine clip and drug paraphernalia as well. Forensics matched shell casings from the crime scene to Williams's 9mm Baretta and a Glock .45.

---

of a firearm during the commission of a felony. The felony murder conviction was vacated by operation of law, and the conviction for aggravated assault with a deadly weapon merged into the malice murder conviction. OCGA § 16-1-7; *Harrison v. State*, 283 Ga. 518, 519, n. 1 (661 SE2d 536) (2008). The trial court sentenced Williams to life in prison for malice murder plus two concurrent five-year terms running consecutively to the life term. Williams filed a motion for new trial on February 25, 2008, which the trial court denied on August 19, 2008, after a hearing. Williams filed a timely notice of appeal on August 29, 2008. The case was docketed in this Court on February 5, 2009, and subsequently submitted for decision on the briefs.

Viewed in the light most favorable to the verdicts, the evidence presented at trial was easily sufficient for a rational jury to find Williams guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 309 (99 SC 2781, 61 LE2d 560) (1979).

2. Williams contends the trial court erred in sentencing him to five years in prison for conspiracy because the jury acquitted him of that charge. Williams was indicted with his co-defendant, Robinson. The indictment contained 12 counts, with Williams named in 11 of them. The 12 charges were listed in the indictment as follows:

1. Malice Murder
2. Felony Murder
3. Felony Murder
4. Felony Murder
5. Felony Murder
6. Aggravated Assault with a Deadly Weapon
7. Burglary
8. Criminal Attempt to Commit Armed Robbery
9. Conspiracy to Commit Crime (Robinson only)
10. Conspiracy to Commit Crime (Williams only)
11. Possession of a Firearm during Commission of a Felony
12. Possession of a Firearm during Commission of a Felony

Although the indictment contained 12 charges, the verdict form sent out with the jury listed only the 11 counts with which Williams was charged. Thus, the numbering of the charges on the verdict form and the indictment was identical up to count 8, but after that, the numbering diverged. The verdict form listed counts 9-11 as follows:

9. Conspiracy to Commit Crime (Williams only)
10. Possession of a Firearm during Commission of a Felony
11. Possession of a Firearm during Commission of a Felony

The change in numbering from the indictment to the verdict form led to confusion when it came time to sentence Williams. The jury convicted Williams of malice murder, one count of felony murder, aggravated assault with a deadly weapon, and two counts of possession of a firearm during commission of a felony. The jury acquitted him of three counts of felony murder, burglary, criminal attempt to commit armed robbery, and conspiracy to commit crime. The felony murder conviction was vacated by operation of law, and the conviction for aggravated assault with a deadly weapon merged into the malice murder conviction. That left only the convictions for

malice murder and the two firearm possession counts for sentencing.

The trial court, which did not have the verdict form in front of it at the time, announced the sentence in open court as follows based on the indictment:

> On count 1 [murder], I sentence the defendant to life in prison.
>
> On count 10 [conspiracy to commit crime], to five years to run consecutive to the sentence imposed in count 1.
>
> On count 11 [possession of a firearm during commission of a felony], 5 years to run consecutive to the sentence imposed in count 1.
>
> Count 12 [possession of a firearm during commission of a felony], 5 years to run consecutive to the sentences imposed in count 1 and 10.

(Bracketed material added.) Williams, however, had been acquitted on count 10 of the indictment, conspiracy to commit crime.

While the trial court's oral pronouncement reflected sentencing on four convictions, the written judgment imposed sentence based on three convictions. In the written judgment, the trial court sentenced Williams to life in prison on "Count(s) 1" and two concurrent sentences of five years each "Count(s) 10 + 11" running consecutively to the life sentence. Regardless of whether the numbering refers to the indictment or the verdict form, the life sentence is valid, because murder is listed first in both documents. Thus, the trial court properly sentenced Williams to life in prison for malice murder.

The two five-year sentences are a different story. If the numbering in the written judgment refers to the verdict form, the trial court correctly sentenced Williams to five years each on the two convictions for possession of a firearm during the commission of a felony. However, if the numbering in the written judgment corresponds to the indictment, or to the count numbering the trial court used in the oral pronouncement, the court mistakenly sentenced Williams for only one of the two firearm possession counts, even though the jury convicted him on both, and sentenced him for conspiracy to commit crime, in spite of the jury's acquittal on that count.

Williams insists that resentencing is necessary because of the confusion, and the State does not oppose a remand on this issue. Accordingly, while we affirm the malice murder conviction and the life sentence for malice murder, we vacate the two five-year sentences and remand for resentencing on the two convictions for

possession of a firearm during commission of a felony.

*Judgment affirmed in part and reversed in part and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 2, 2009.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General*, for appellee.