### A11A1821. SMERECZYNSKY et al. v. THE STATE.
(722 SE2d 892)

MIKELL, Presiding Judge.

Donita C. Smereczynsky and Grant Smerecznysky appeal from the denial of their pleas in bar urged on the basis that they were denied their constitutional right to a speedy trial. For the reasons set forth below, we vacate the judgment and remand the case with direction.

---

The record and transcripts show that the offenses giving rise to the charges against the appellants occurred between October 23, 2001, and August 12, 2003. Appellants were arrested on June 17, 2004, and released on bond on the same day. They were then indicted on September 12, 2005, for the offenses of theft by taking and unauthorized use of a financial transaction card. The 2005 indictments were ultimately nolle prossed, and appellants were again indicted on December 5, 2006. Appellants entered a plea of not guilty to the indictments on January 19, 2007. The case has been on multiple trial calendars since March 24, 2008, and has been granted several continuances based upon the requests of both appellants and the state. Appellants filed a plea in bar asserting a violation of their constitutional rights to a speedy trial, which the trial court denied on November 12, 2010, and appellants filed the present appeal.

"An accused is guaranteed the right to a speedy trial by the Sixth Amendment to the Constitution of the United States and Art. I, Sec. I, Par. XI (a) of the 1983 Georgia Constitution."[1] As both of our appellate courts have recited, when considering a motion to dismiss on the grounds that an accused's constitutional speedy trial right has been violated, the court applies the tests set forth in *Barker v. Wingo*[2] and *Doggett v. United States*.[3] An abuse of discretion standard of review applies.[4]

1. *Presumptive Prejudice.* The threshold consideration in this inquiry is whether the interval between the date of arrest or other formal accusation[5] to the date of trial or, in this instance, the date the defendant's speedy trial motion was ruled upon,[6] is sufficiently long enough to be considered presumptively prejudicial. If such a presumption is not warranted, the analysis need not go further because the accused's speedy trial claim fails; if, however, the delay invokes the presumption of prejudice, then the analysis proceeds to the examination of all *Barker v. Wingo* factors.[7] In this case, the state conceded both in the trial court and this court that the delay from the June 14, 2004, arrest until the plea in bar was denied on November 12, 2010, was presumptively prejudicial, triggering the

---

[1] (Citation omitted.) *Thomas v. State*, 296 Ga. App. 231, 234 (2) (674 SE2d 96) (2009).

[2] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[3] 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992).

[4] *State v. Porter*, 288 Ga. 524, 526 (2) (a) (705 SE2d 636) (2011).

[5] The constitutional right to a speedy trial attaches "at the time of arrest or indictment, whichever is earlier." *Thomas*, supra (citation omitted).

[6] *Porter*, supra at 526 (2) (b) ("Where a trial has not occurred, the delay should be calculated from the date of arrest or other formal accusation to the date on which defendant's speedy trial motion was granted or denied . . . rather than any initial date set for the trial") (citation omitted).

[7] *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008).

balancing test of the second stage of the analysis.[8]

2. *The Barker-Doggett Balancing Test.* The four factors this court must consider, and ultimately weigh, are: (1) whether the delay was uncommonly long, (2) whether the government or the accused is more to blame for the delay, (3) whether, in due course, the accused asserted the right to a speedy trial, and (4) whether the accused has suffered prejudice as a result of the delay.[9]

However, it is important to note that these four factors do not constitute an exhaustive list, "have no talismanic qualities[,] and must be considered together with such other circumstances as may be relevant."[10] Because the second stage of the constitutional speedy trial analysis is context-sensitive and "requires courts to engage in a difficult and sensitive balancing process,"[11] speedy trial cases must be approached "on an ad hoc basis."[12]

(a) *Length of Delay.* The first factor in the *Barker-Doggett* analysis requires "consideration of the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim."[13] The trial court in this case did not evaluate this factor under an analysis separate from the threshold inquiry.[14] However, this Court has held in similar cases that "inasmuch as the trial court has effectively weighed this factor in appellant's favor, it did not abuse its discretion."[15] Accordingly, we find no abuse of discretion.

(b) *Reasons for the Delay.* "Some amount of pretrial delay is unavoidable, and even quite extended intervals between arrest or indictment and trial are sometimes both necessary and reasonable."[16] Although "[a] deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government,"[17] there is no evidence that the state intentionally delayed the

---

[8] *Meder v. State*, 305 Ga. App. 702 (a) (700 SE2d 706) (2010) (a delay approaching one year raises a threshold presumption of prejudice).

[9] *Ruffin*, supra at 56 (2) (b).

[10] (Citation and punctuation omitted.) *Porter*, supra at 526 (2) (a).

[11] (Citations and punctuation omitted.) *Teasley v. State*, 307 Ga. App. 153, 158 (2) (704 SE2d 248) (2010).

[12] Id.

[13] (Citation and punctuation omitted.) Id. at 158 (2) (a).

[14] "It is important that trial courts not limit their consideration of the lengthiness of the pretrial delay to the threshold question of presumptive prejudice and remember to count it again as one of four criteria to be weighed in the balancing process at the second stage of the *Barker-Doggett* analysis." *Simmons v. State*, 304 Ga. App. 39, 41 (2) (a) (696 SE2d 75) (2010) (footnote omitted).

[15] (Punctuation and footnote omitted.) *Harrison v. State*, 311 Ga. App. 787, 790 (3) (a) (717 SE2d 303) (2011).

[16] (Footnote omitted.) *Ruffin*, supra at 59 (2) (b) (ii).

[17] (Footnote omitted.) *Barker*, supra at 531 (IV).

trial to impair the defense in this case.

The trial court found that both parties were responsible for the delay and so this factor weighed neither for nor against the state. The right to a speedy trial in this case attached at the time of the appellants' arrest on June 17, 2004.[18] Appellants were indicted in 2005 and then again in 2006, but did not enter a plea of not guilty until January 19, 2007. After being on several trial calendars, both parties consented to a continuance from the October 27, 2008, trial calendar due to conflicts of counsel. The case was again called to trial on December 8, 2008, but was continued on the state's request after the trial court granted appellants' motion to disqualify a special prosecutor who had been appointed a few days prior. Appellants obtained additional continuances so that they could attend their child's ear surgery and because, after a psychiatric evaluation, the trial court found Donita Smereczynsky unable to assist at trial from January 2010 until May 2010. Additionally, the state requested a continuance from the July 2010 trial calendar.

Because both parties contributed to the delay, we find that the trial court did not abuse its discretion when it found that both parties were equally responsible for the delay in this case.

(c) *Whether Defendants Asserted the Right to a Speedy Trial.* Because defendants may benefit by delaying trial, they have a responsibility to assert their right to a speedy trial and a failure to do so may weigh heavily against them.[19]

The trial court weighed this factor against appellants, noting that they did not assert their right to a speedy trial until they filed their plea in bar motions on June 13, 2010 and June 19, 2010. Although appellants never filed a statutory demand for speedy trial pursuant to OCGA § 17-7-170, they argue that they effectively asserted their right to a speedy trial on December 8, 2008, by announcing ready for trial on that date and objecting to the trial court granting a continuance. However, "such actions cannot be construed as an assertion of the right to a speedy trial under our analysis."[20] Accordingly, the trial court did not abuse its discretion in weighing this consideration against appellants in the *Barker-Doggett* balancing process.

(d) *Whether the Accused Suffered Prejudice as a Result of the*

---

[18] *Thomas*, supra.

[19] See *Nusser v. State*, 275 Ga. App. 896, 898 (622 SE2d 105) (2005).

[20] (Citation omitted.) *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001) (defendant announcing ready for trial and objecting to a continuance cannot be construed as an assertion of the right to a speedy trial). Accord *Grizzard v. State*, 301 Ga. App. 613, 616 (2) (c) (688 SE2d 402) (2009) (merely appearing for trial does not invoke the right to a speedy trial).

*Delay*. The fourth and final factor is the inquiry into the prejudice to the defendant. The concept of "prejudice" in this context is not limited to consideration of the likely effect the pretrial delay had or might have on the ultimate outcome of the trial. Rather, the constitutional right to a speedy trial is designed to protect three interests, and it is those three interests we evaluate in examining the prejudice component: (a) preventing oppressive pre-trial incarceration; (b) minimizing anxiety and concern of the accused; and (c) limiting the possibility of the impairment of the defense.[21]

(i) *Preventing Oppressive Pre-trial Incarceration*. In this case, there is no claim of oppressive pre-trial incarceration, as appellants were out on bond while awaiting trial.

(ii) *Minimizing Anxiety and Concern of the Defendant*. When addressing the interest of minimizing the anxiety and concern of the accused, a court must remember that anxiety and concern "[are] always present to some extent, and thus absent some unusual showing, [this factor] is not likely to be determinative in defendant's favor."[22] Here, Grant Smereczynsky has not presented any evidence of actual anxiety. However, Donita Smereczynsky has provided evidence that this trial was a contributing factor in the anxiety and stress she suffered. Other stressors in her life during this time period also included cases in two other counties and bankruptcy court, as well as an ill child. Accordingly, we find that the trial court did not abuse its discretion in weighting this factor only slightly in favor of Donita Smereczynsky because her mental health issues were not related solely to this case.

(iii) *Limiting the Possibility That the Defense Will Be Impaired*. This final consideration is the most important prejudice component of the speedy trial equation.[23] The state concedes that given the length of the delay, there is a presumption of actual prejudice in this case.[24] However, this presumptive prejudice "may be reduced or even eliminated if the [s]tate can show that the defense has not, in fact, been substantially impaired."[25] The state rebuts this presumption of prejudice by arguing that the appellants' case has improved with the passage of time because Timothy Oden, originally one of the state's key witnesses, recanted his prior statements and will now testify in favor of appellants.

---

[21] *State v. White*, 282 Ga. 859, 862 (2) (d) (655 SE2d 575) (2008).

[22] (Citation and punctuation omitted.) *Boseman v. State*, 263 Ga. 730, 733 (1) (d) (438 SE2d 626) (1994).

[23] *Ingram v. State*, 280 Ga. App. 467, 470 (1) (d) (634 SE2d 430) (2006).

[24] *Grizzard*, supra at 617 (2) (d) ("[A] delay exceeding five years entitles a defendant to a presumption of actual prejudice") (citations and punctuation omitted).

[25] *Porter* at 532 (2) (d).

In analyzing this factor, however, the trial court erroneously placed upon the appellants the burden of proving actual prejudice to their legal defense. Finding that appellants did not meet this burden, this trial court weighted this factor against them. "Although the passage of time is not alone sufficient to sustain a speedy trial claim, greater pretrial delays simultaneously increase the degree of prejudice presumed and decrease the expectation that the defendant can demonstrate tangible prejudice to his or her ability to present a defense."[26] In the present case, the extraordinary six-year delay raised the presumption of actual prejudice and appellants' "failure to make a particularized showing of . . . [their] decreased ability to present a defense at trial must not be weighed heavily against [them]."[27] To the extent that the trial court found to the contrary, it was in error.

3. *Balancing of the Factors.* A trial court's findings of fact and weighing of those facts in a speedy trial claim generally are reviewed under an abuse of discretion standard. However, "where the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished."[28] As our Supreme Court has noted

> it is imperative that in cases implicating a defendant's constitutional right to speedy trial, the trial court enter findings of fact and conclusions of law consistent with *Barker.* Absent such findings, there is no exercise of discretion for this [c]ourt to review, and the trial court's order must be vacated and the case remanded for the entry of a proper order pursuant to *Barker.*[29]

As explained above, the trial court here erred by requiring appellants to prove that they suffered actual prejudice. Accordingly, we vacate the trial court's order and remand the case for entry of a proper order consistent with this opinion.

*Judgment vacated and case remanded with direction. Dillard and Boggs, JJ., concur.*

DECIDED FEBRUARY 9, 2012.

*Banks & Stubbs, Rafe Banks III, Fox, Chandler, Homans, Hicks*

---

[26] (Citations omitted.) *Williams v. State*, 277 Ga. 598, 601 (1) (d) (592 SE2d 848) (2004).
[27] Id.
[28] (Citation and punctuation omitted.) *Porter*, supra at 533 (2) (e).
[29] (Citation and punctuation omitted.) Id.

& *McKinnon, Graham McKinnon IV, George E. Butler II*, for appellants.

*Penny A. Penn, District Attorney, Sandra A. Partridge, Assistant District Attorney*, for appellee.