308 Ga. 656
FINAL COPY

S20A0871.  SPENCER v. THE STATE.

BLACKWELL, Justice.

Christopher Leonard Spencer was tried by a DeKalb County jury and convicted of murder and other crimes in connection with the fatal shootings of Sylvia Watson and Samuel White. Spencer appeals, claiming only that the evidence is insufficient to support his convictions. We affirm.[1]

---

[1] Watson and White were killed in October 2016. A DeKalb County grand jury indicted Spencer and Vernon Beamon in April 2017, charging them with two counts of murder with malice aforethought, seven counts of felony murder, kidnapping, burglary, violation of the Street Gang Terrorism and Prevention Act, the unlawful possession of a firearm during the commission of a felony, and two counts each of armed robbery and aggravated assault. In addition, Spencer alone was charged with two counts of criminal attempt to commit financial transaction card fraud, and Beamon was charged with the unlawful possession of a firearm by a convicted felon and two additional counts of felony murder. Spencer and Beamon were tried together in May 2017, the trial court directed a verdict of acquittal as to armed robbery and felony murder (predicated on armed robbery), and the jury found Spencer and Beamon guilty on all the remaining counts. The trial court sentenced Spencer to imprisonment for life without the possibility of parole for the murder of Watson, a consecutive term of imprisonment for life without the possibility of parole for the murder of White, a consecutive term of imprisonment for fifteen years for violation of the Street Gang Act, and three consecutive terms of imprisonment for five years for the unlawful possession of a firearm during the

Viewed in the light most favorable to the verdict, the evidence presented at trial shows that Spencer and Vernon Beamon were members of a criminal street gang known as the "Rolling 20s." On the morning of October 24, 2016, they went to a DeKalb County apartment complex, where Watson and White shared a residence. As Watson was returning home from a medical appointment, a surveillance video camera recorded her silver Honda Civic enter the complex, around the same time as Beamon's blue Ford Expedition. The same camera recorded the Civic leaving the complex about seven minutes later, but this time, the recording showed two male passengers with Watson, including a man wearing a sweatshirt in the back seat.

During the course of the next hour, Watson's bank card was

commission of a felony and for the two counts of criminal attempt to commit financial transaction card fraud. The felony murders were vacated by operation of law, and the trial court ruled that the remaining counts merged into malice murder (which is a ruling that has not been challenged on appeal and that we decline to address). See Dixon v. State, 302 Ga. 691, 698 (4) (808 SE2d 696) (2017). Spencer timely filed a motion for new trial in June 2017, which he amended in July 2019. The trial court denied that motion in January 2020, and Spencer timely filed a notice of appeal. The case was docketed in this Court to the April 2020 term and submitted for decision on the briefs.

used at four nearby ATMs. Surveillance cameras recorded the man in the sweatshirt attempting to use Watson's bank card at several of the ATMs. Watson's card was used at the fourth ATM at 10:54 a.m., and video surveillance recorded her car returning to her apartment complex at 11:22 a.m. About an hour later, the same camera recorded Beamon's Expedition leaving the complex.

That evening, the bodies of Watson and White were discovered in their apartment. Each of them had been shot in the head, and their home had been burglarized. Two .380 cartridge casings were found near their bodies.

A few days later, one of White's family members discovered a bank withdrawal receipt in the Civic that was dated the day of the murders. After the police were notified, they searched the Civic and found a green plastic cup in the back seat. A latent fingerprint on that cup was entered into AFIS (the Automated Fingerprint Identification System) and matched Spencer's fingerprints. Soon thereafter, police conducted a search of the apartment that served as the gang house for the "Rolling 20s." In addition to a large amount

of gang paraphernalia, police officers discovered a Bryco .380 semiautomatic pistol that was later determined to have been the weapon used to kill Watson and White. Spencer was arrested at the gang house, and the sweatshirt he was wearing (which resembled the one depicted in the surveillance video recordings) tested positive for gunshot residue.

Beamon was arrested a few weeks later in Mississippi. Beamon told police officers that he "barely knew" Spencer, but phone records showed that they had contacted each other numerous times before and after the day of the murders. Finally, cell phone records placed Spencer's and Beamon's phones near Watson and White's apartment and the various ATMs (as well as at the gang house) on the day of the murders.

Spencer's sole contention on appeal is that the evidence is insufficient to sustain his convictions. He notes that the police investigators did not process multiple items found in the apartment for fingerprints, they allowed family members to take possession of the Civic and did not discover the plastic cup in the back seat until

several days after the murders, they tested the sweatshirt for gunshot residue only after storing it with other clothing in a single bag, there was no video evidence collected from the location of one of the ATMs, the owner of the .380 discovered in the gang house was never identified, and no DNA evidence linked Spencer to the crimes.

Although "the State is required to prove its case with competent evidence, there is no requirement that it prove its case with any particular sort of evidence." Cochran v. State, 305 Ga. 827, 830 (1) (828 SE2d 338) (2019) (citation and punctuation omitted). The alleged faults with the evidence that Spencer raises go only to its weight, see, e.g., Hayes v. State, 292 Ga. 506, 509 (739 SE2d 313) (2013) (whether "images captured by surveillance cameras were of insufficient quality to allow any identification of [defendant]" went to weight of evidence), and his entire appeal "is based on nothing more than his disagreement with the . . . determinations made by the jury" about how to reasonably weigh that evidence. Harrison v. State, 283 Ga. 518, 520 (661 SE2d 536) (2008). We conclude that the evidence presented at trial, when viewed in the light most favorable

to the verdict, was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Spencer was guilty of the crimes of which he was convicted. See <u>Jackson v. Virginia</u>, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

<u>Judgment affirmed. All the Justices concur.</u>

DECIDED MAY 4, 2020.
Murder. DeKalb Superior Court. Before Judge Johnson.
*Deborah L. Leslie*, for appellant.
*Sherry Boston, District Attorney, Emily K. Richardson, Deborah D. Wellborn, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General*, for appellee.